**Mark Martin YUNCEVICH, Jr. aka Raymond De La Cerda, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68775, 68776.**

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 27, 1982.

Henry S. Coltzer, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty. and E. D. McKinney, Jr., Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

1. The appellant was charged with the felony offense of bail jumping pursuant to Sec. 38.-11(f), V.T.C.A. Penal Code.

2. The appellant's sentence of four years confinement in Cause No. 68,775 was stacked on

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

OPINION

W. C. DAVIS, Judge.

These are appeals from convictions of bail jumping,[1] in Cause Nos. 68,775 and 68,776. The appellant was sentenced by the trial court to four years confinement in each cause.[2] In Cause No. 68,775 the appellant was convicted of failing to appear for sentencing for his conviction for unlawful delivery of a controlled substance, to wit: Hydromorphone. In Cause No. 68,776 the appellant was convicted of failing to appear for sentencing for his conviction for possession of heroin.

In both causes, the appellant contends the indictments charging the offenses of bail jumping are fundamentally defective as the challenged indictments do not allege that the appellant was released from custody on the possession of heroin conviction in Cause No. 68,776, or the delivery of hydromorphone conviction in Cause No. 68,775.

The indictment in Cause No. 68,775 reads in pertinent part:

"... did then and there after being lawfully released from custody on condition that he subsequently appear in Court intentionally and knowingly fail to appear in accordance with the terms of his release, to-wit: after the said ... plead guilty to the offense for which he was charged he was given a period of time before being sentenced and did fail to appear, ... and the offense for which the said ... appearance was required is ... unlawful delivery of ... hydromorphone...."

The indictment in Cause No. 68,776 reads in pertinent part:

his earlier sentence of twelve years for delivery of hydromorphone. Appellant's sentence of four years confinement in Cause No. 68,776 was stacked on his sentence of twelve years confinement for possession of heroin.

"... did then and there after being lawfully released from custody on condition that he subsequently appear in Court, intentionally and knowingly fail to appear in accordance with the terms of his release, to-wit: after the said ... plead guilty to the offense for which he was charged he was given a period of time before being sentenced and did fail to appear ... and the offense for which the said ... appearance was required is ... possession of ... heroin...."

It is well settled that an indictment must allege all the essential elements of the offense charged. *Ex Parte Clark,* 588 S.W.2d 898 (Opinion on Motion for Rehearing); *Holcomb v. State,* 573 S.W.2d 814 (Tex.Cr.App.1978); *Ex Parte Mathis,* 571 S.W.2d 186 (Tex.Cr.App.1978). Further, an indictment drawn in the language of the statute creating and defining an offense is ordinarily sufficient. See *Few v. State,* 588 S.W.2d 578 (Tex.Cr.App.1979).

The elements of the offense of bail jumping, pursuant to Sec. 38.11, V.T.C.A. Penal Code, are as follows:

"(1) a person

(2) released from custody

(3) conditioned upon appearing again

(4) intentionally or knowingly

(5) fails to appear in accordance with the terms of his release."

See Branch's Ann.Penal Statutes, Sec. 38.11 (3d. Ed. 1974).

The challenged indictments were drawn in the language of the statute and include all the elements of the offense of bail jumping. We therefore find these indictments sufficiently alleged the offenses of bail jumping.

This ground of error is overruled.

The judgments are affirmed.