Thomas K. ATKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00075–CR.

Court of Appeals of Texas,
Dallas.

April 14, 1983.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., for appellee.

Before CARVER, ALLEN and ROWE, JJ.

ROWE, Justice.

Appellant was convicted before a jury of the offense of theft of a trade secret and sentenced to confinement in the Texas Department of Corrections for a period of three years. Fourteen grounds of error are presented, but two of them are dispositive of this appeal. These two grounds assert the trial court erred in overruling appellant's motion to quash the indictment. Because we agree the indictment was fatally defective for the reasons appellant asserts, we reverse; and because the sufficiency of the evidence is not questioned, we remand.

According to the indictment, appellant did unlawfully, knowingly, and intentionally:

> communicate, transmit and make a copy of an article representing a trade secret, to-wit: architectural plans designed and drawn by Billy Joe Noles, the owner thereof without the effective consent of Billy Joe Noles.

Appellant timely filed and presented at hearing before the trial court his motion to quash the indictment on grounds that it did not meet the statutory prerequisites of describing the offense with such specificity as would put him on notice of the exact criminal charges against which he must defend himself. In particular, appellant claimed the indictment was defective in failing to describe, other than by general classification as "architectural plans designed and drawn by Billy Joe Noles," the precise property purporting to be the trade secret in question.

To determine the sufficiency of the indictment we must first consider the statutory language used to describe the charged offense. This appears in TEX.PENAL CODE ANN. § 31.05 (Vernon 1974) as follows:

§ 31.05. Theft of Trade Secrets

(a) For the purposes of this section:

(1) "Article" means any object, material, device, or substance or any copy

thereof, including a writing, recording, drawing, sample, specimen, prototype, model, photograph, microorganism, blueprint, or map.

(2) "Copy" means a facsimile, replica, photograph, or other reproduction of an article or a note, drawing, or sketch made of or from an article.

(3) "Representing" means describing, depicting, containing, constituting, reflecting or recording.

(4) "Trade secret" means the whole or any part of any scientific or technical information, design, process, procedure, formula, or improvement that has value and that the owner has taken measures to prevent from becoming available to persons other than those selected by the owner to have access for limited purposes.

(b) A person commits an offense if, without the owner's effective consent, he knowingly:

(1) steals a trade secret;

(2) makes a copy of an article representing a trade secret; or

(3) communicates or transmits a trade secret.

(c) An offense under this section is a felony of the third degree.

■ Because the indictment tracks the language of this statute, we conclude the indictment does at least cover all the material elements of the offense, but this is not the sole prerequisite of a valid indictment. In addition to serving the function of sufficiently describing the offense so as to invoke the jurisdiction of the trial court, the State's accusatory pleading must also serve the function of giving the accused adequate notice on which to prepare a defense. *Drumm v. State,* 560 S.W.2d 944, 946 (Tex. Cr.App.1977) (*en banc*); *Terry v. State,* 471 S.W.2d 848 (Tex.Cr.App.1971). In testing the adequacy of this particular indictment in the latter regard, we are without benefit of any precedential guidance since we have found no prior reported court decisions involving this offense. We do note

from the Practice Commentary to this section that while a trade secret is defined as a particular kind of valuable property, theft of such property "is a third degree felony *without regard to its value.*" (emphasis added) Further, under subsections (b)(2) and (3), "this section criminalizes unauthorized reproductions and communication of trade secrets ... *whether or not it is a theft.*" (emphasis added) The last comment is pertinent because the indictment against appellant charges him with violation of subsections (b)(2) and (3). We deem both comments pertinent because all other offenses described in Chapter 31 have as their component elements a specific valuation in dollars and an intent to deprive. Apparently, theft of a trade secret under Texas law is a unique and broad-based offense, especially since the subject matter of the offense does not even have to be "secret" in the strict sense of being kept concealed from the knowledge of others.

■ When an indictment is couched almost entirely in terms of the penal statute and where that penal statute itself is noticeably broad and lacking in the precision, clarity, and conciseness typical of other penal code sections,[1] a defendant standing accused thereunder has the constitutionally protected right to have further specifications included in the charging instrument. Although an indictment that is in the language of the pertinent statute is ordinarily sufficient, an exception exists if the language of the statute is not itself completely descriptive of the offense. *Evans v. State,* 623 S.W.2d 924, 925 (Tex.Cr. App.1981); *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978). The measure of a valid indictment is that it should set out the particular offense charged with such certainty that a presumptively innocent man who seeks to know what he must meet at trial, may ascertain fully therefrom those matters charged against him. *Ferguson v. State,* 579 S.W.2d 2, 6 (Tex.Cr.App.1979); *see Allen v. State,* 149 Tex.Cr.R. 612, 197

---

**1.** Section 31.05 is so described in the Practice Commentary. For purposes of this appeal, we will assume these characterizations do not render this section unconstitutional.

S.W.2d 1013 (1946). Also, an indictment must pinpoint the offense in such a way that by pleading any judgment given on it, the accused can with assurance protect his rights against double jeopardy. *Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Cr.App. 1977). We agree with appellant that the designation of the trade secret as "architectural plans designed and drawn by Billy Joe Noles" does not, in this case, satisfy these prerequisites of a valid indictment.

■ Close questions will always be presented as to which additional specifications are integral to the validity of the indictment and which are merely evidentiary. Two important guidelines are useful in making this determination. One is the line of Texas cases establishing the following:

It is the general rule that, when a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment.

*Ziegler v. State*, 121 Tex.Cr.R. 91, 50 S.W.2d 317, 318 (1932). This rule has been applied to offenses of counterfeit cigarette tax stamps, *Terry v. State*, 471 S.W.2d 848 (Tex.Cr.App.1971); untrue advertising, *Pincus v. State*, 126 Tex.Cr.R. 188, 70 S.W.2d 417 (1934); false swearing, *Ziegler;* and the sending of an anonymous letter, *Rudy v. State*, 81 Tex.Cr.R. 272, 195 S.W. 187 (1917). While architectural plans may not qualify technically as written instruments, the justification for imposition of the rule in cases involving written instruments applies with even more force in this case. Without resort to the architectural plans themselves or some schematic extract therefrom, the trade secret represented therein cannot be discerned, and appellant is without benefit of the notice to which he is entitled.

The other important guideline in Texas is that appearing in TEX.CODE CRIM.PROC. ANN. art. 21.09 (Vernon Supp.1982–1983), which provides in pertinent part that:

If known, personal property alleged in an indictment shall be identified by name, kind, number, and ownership. When such is unknown, that fact shall be stated, and a general classification, describing and identifying the property as near as may be, shall suffice ...

Under this procedural rule it has been held that property descriptions in theft indictments are defective if they identify nothing more than a general category into which the property falls. Thus condemned have been generic terms such as:

"Merchandise," *Willis v. State*, 544 S.W.2d 150 (Tex.Cr.App.1976);

"Barbed wire," *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976);

"Tires," *Moore v. State*, 473 S.W.2d 523 (Tex.Cr.App.1971);

"Seed," *Oakley v. State*, 167 Tex.Cr.R. 630, 323 S.W.2d 43 (1959);

"Oil field equipment," *Leos v. State*, 155 Tex.Cr.R. 478, 236 S.W.2d 817 (1951);

"Furniture and equipment," *Luce v. State*, 88 Tex.Cr.R. 46, 224 S.W. 1095 (1920).

■ When tested under article 21.09 guidelines, this indictment is found likewise to be fatally defective because "architectural plans designed and drawn by Billy Joe Noles" denotes nothing more than a general category of tangible personal property attributable to Billy Joe Noles' efforts. Since Joe Noles' efforts have in all likelihood produced numerous and differing trade secrets represented through various architectural plans, a defendant broadly accused of making and communicating a copy of one of them is without adequate means to isolate, for purposes of avoiding double jeopardy, those particular architectural plans he is accused of having stolen. As a result, the actual "kind" of property in question has not been effectively identified within the purpose of article 21.09.

We know from the record that the State had considerable information which could have been made available to better apprise appellant, in advance, of the charges against which he would be required to defend himself. For instance, the actual plans bought by Marsha Spenwrath for $200.00 were of a particular set given no. 934 as an identifying number, and were for

a single family residence of contemporary multi-storied wood and brick style. In the absence of either some clarifying details such as these or schematic details of the plans themselves, an innocent man would be obliged to prepare to defend himself against a whole army rather than against an individual soldier. We cannot conclude beyond a reasonable doubt that this burden was not harmful to appellant.

Reversed and remanded.