**Edgar Eugene SMALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00434–CR.**

Court of Appeals of Texas, Dallas.

May 6, 1985.

---

**538**

Herbert Green, Jr., Dallas, for appellant.

Michael A. Klein, Asst. Dist. Atty., Dallas, for appellee.

Before SPARLING, WHITHAM and DEVANY, JJ.

WHITHAM, Justice.

Appellant appeals a conviction for failure to appear. Punishment was assessed at twenty years confinement in the Texas Department of Corrections and a fine of $10,-000.00. We find no merit in any of appellant's three grounds of error. Accordingly, we affirm.

■ In his first ground of error, appellant contends in effect that he was denied his constitutional right to effective assistance of counsel at his trial. In *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) the Supreme Court held that to successfully advance an ineffective assistance claim:

> *First*, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Second*, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes *both showings*, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. [emphasis added].

■ The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Strickland*, 104 S.Ct. at 2064; *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App.1983). This right does not mean errorless counsel, or counsel whose competency or adequacy is to be judged by hindsight. *Saylor*, 660 S.W.2d at 824. Rather, the right to counsel affords an accused an attorney "reasonably likely to render and rendering reasonably effective assistance." *Cannon v. State*, 668 S.W.2d 401, 402 (Tex.Crim.App.1984). A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circum-

stances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065–66. A full inquiry into the strategy or tactics of counsel should be made only if from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim.App.1980) (en banc). The fact that other counsel might have tried the case differently will not support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979) (en banc). Thus, conduct must be judged on the facts of the particular case, and allegations must be firmly founded. *Johnson v. State*, 614 S.W.2d 148, 149 (Tex.Crim.App.1981).

█ Even if a defendant has shown that particular errors of counsel were professionally unreasonable under the aforementioned guidelines, the second "prejudice" prong of the *Strickland* test requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S.Ct. at 2068. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome. Furthermore, in making this determination the assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. 104 S.Ct. at 2067–69.

█ Appellant argues that he was denied effective assistance for the following reasons: (1) counsel failed to question the charges against appellant which, appellant asserts, are faulty; (2) counsel erred by putting a witness on the stand because she eventually recanted her testimony; (3) counsel failed to investigate any possible defense, and (4) counsel should have produced testimony concerning appellant's lack of knowledge of the elements of this offense. Applying *Strickland's* test, we find no merit in any of appellant's asser-

tions. We conclude that appellant was not denied his constitutional right to effective assistance of counsel at his trial. We overrule appellant's first ground of error.

In his second ground of error, appellant contends that the trial court erred in finding him guilty of a felony for failure to appear. Appellant bases this contention on his assertion that the underlying offense was not a felony, but rather a misdemeanor. Appellant was charged by indictment, which in pertinent part reads as follows:

[T]hat one Edgar Eugene Small ... did then and there unlawfully intentionally and knowingly fail to appear in accordance with the terms of his release from custody, to-wit: lawful release from custody pursuant to posting a bail bond, after the defendant had been ordered to appear in the 282ND JUDICIAL DISTRICT COURT on the 27th day of JANUARY, 1984, for the purpose of a trial before the court, in the case of The State of Texas vs. EDGAR EUGENE SMALL, wherein the defendant was charged with the felony offense of Theft over $200.00.

Appellant claims that the State failed to prove that he was "charged with a felony offense of theft over $200.00." Relying upon TEX.PENAL CODE ANN. § 31.-03(d)(3) (Vernon Supp.1985), appellant insists that theft over $200.00 is not a felony offense but is a misdemeanor.

█ At trial, the State introduced an indictment which, in pertinent part, reads as follows:

[T]hat one EDGAR EUGENE SMALL ... on or about the 30th day of August [1983] ... did unlawfully, knowingly and intentionally appropriate property, namely: exercise control over property, other than real property, to-wit: four wheels and four tires of the value of at least $200.00 but less than $10,000.00, without the effective consent of Thi Nguyen the owner of the said property.

Because the indictment for theft alleged that the offense occurred on or about August 30, 1983, appellant's reliance upon the amended theft statute is misplaced. The amendments to the theft statute did not

become effective until September 1, 1983, and were not given retroactive effect by the legislature. The legislature declared in Act of Sept. 1, 1983, ch. 497, § 6(b), 1983 Tex.Gen.Laws 2917, 2920 that "[a]n offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose." Appellant was thus indicted pursuant to TEX.PENAL CODE ANN. § 31.03(d)(4)(A) (Vernon 1974) which makes theft of property a felony offense if the property stolen "is $200.00 or more but less than $10,000.00." We conclude, therefore, that the indictment properly charges that appellant failed to appear for a felony case.

Appellant also argues under his second ground of error, that it was a denial of due process to find him guilty of failing to appear in a felony case when the underlying felony offense had not been found to have occurred. We conclude that the gravamen of the offense of failing to appear for a felony offense is the *failure to appear*, that whether the underlying felony offense is ever proven is immaterial and that the State need only allege and prove that *charges* for a felony offense *were pending* against the defendant. *Cf. Euziere v. State*, 648 S.W.2d 700, 703 (Tex.Crim.App.1983). We overrule appellant's second ground of error.

In his third ground of error, appellant contends that the trial court erred in enhancing punishment on a misdemeanor by a felony and assessing the maximum penalty under TEX.PENAL CODE ANN. § 12.42 (Vernon 1974 & Vernon Supp.1985). Appellant bases his contention on the fact that trial of the underlying offense resulted in a misdemeanor conviction. Thus, appellant argues that it was error for the trial court to enhance "a misdemeanor" with a prior felony. Appellant was indicted and found guilty of having failed to appear. This offense is a third degree felony pursuant to TEX.PENAL CODE ANN. § 38.11(f) (Vernon 1974). This felony offense was enhanced by the offense of burglary of a vehicle. We conclude that the punishment

assessed against appellant was properly enhanced. TEX.PENAL CODE ANN. § 12.42(a) (Vernon Supp.1984). We overrule appellant's third ground of error.

Affirmed.