Herbert Lee **BABBS, Jr.,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–86–895–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1987.

John H. Wright, Houston, for appellant.

Michael J. Guarino, John M. Lancaster, Galveston, for appellee.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.

### OPINION

ELLIS, Justice.

Appellant, Herbert Lee Babbs, Jr., appeals from a judgment of conviction for the offense of aggravated robbery enhanced by one prior felony conviction. The jury found him guilty as charged in the indictment. Appellant pled not true to the enhancement allegations. The jury found them true and assessed punishment at fifty years confinement in the Texas Department of Corrections and a five thousand dollar fine. We affirm.

Appellant presents four points of error. He first argues that the trial court erred in overruling his motion for a mistrial. He concedes that he threatened a female juror during voir dire but argues that the threat, which two other jurors witnessed, so tainted the jury that it could not be fair and impartial. As his second, third and fourth points, appellant claims there was insufficient evidence to support his aggravated robbery conviction and that his motions to quash should have been granted because the indictment failed to allege the owner of the property taken and the enhancement count failed to identify the court in which his prior conviction occurred.

We first address appellant's contention that his own threatening behavior towards a juror during voir dire adversely affected the impartiality and fairness of the jury.

Following impanelling of the jury the court recessed at the close of the first day of trial. Three jurors then returned to the courtroom after deciding among themselves to inform the presiding judge of a courtroom incident they had observed. Before the start of trial on the following day, the court held an evidentiary hearing concerning the disturbance.

The court elicited sworn testimony from each of the three jurors who had approached him the preceding day, Ms. Small and Messrs. Doherty and Sides. Each testified that on the previous day appellant had banged or tapped on the table in order to get Ms. Small's attention and then pointed a finger at her menacingly. This incident occurred while both counsel were conducting a bench voir dire of a prospective juror. Mr. Sides and Ms. Small both testified that appellant said "If I ever see your black ass ...". According to Ms. Small's and Mr. Doherty's testimony, appellant continued to stare at her while appellant's counsel continued voir dire of the panel, but that she avoided his gaze. After hearing each of the three jurors' sworn version of the incident, the court asked each whether he would be able to hear and decide the case based only on the evidence from the witness stand, in spite of what had occurred. All three answered affirmatively to the court's questions and to similar questions posed by both counsel.

Immediately following the hearing, appellant moved for a mistrial alleging that the incident had irreparably prejudiced the jury. When it denied the motion the court referred specifically to each juror's testimony that he could remain impartial.

We may not reverse a trial court's denial of a motion for mistrial unless appellant shows that the trial court abused its discre-

tion; that standard applies whether the motion is based on events occurring during trial or allegations of juror bias. *See* (respectively) *Smith v. State,* 638 S.W.2d 200, 202 (Tex.App.—Houston [1st Dist.] 1982 pet. ref'd, untimely filed); *Appleman v. State,* 531 S.W.2d 806, 810 (Tex.Crim.App. 1976) (opinion on appellant's motion for rehearing).

■ Appellant asks us to overlook his role in initiating the threatening contact with Ms. Small. We shall not, since Texas has long refused to permit an accused to profit by his own misconduct to achieve a mistrial. *Chamberlain v. State,* 453 S.W. 2d 490, 493 (Tex.Crim.App.1970). Appellant cites *United States v. Forrest,* 620 F.2d 446 (5th Cir.1980) for the proposition that his role in the incident is irrelevant. Appellant misinterprets *Forrest* which merely assures an accused the right to a hearing on his juror bias allegations. 620 F.2d at 457. That case involved an accused's admission that he initiated an anonymous phone call to a juror who was later discharged. The government sought to uphold the verdict, arguing that an accused should not be permitted to achieve a mistrial by his courtroom misbehavior. The *Forrest* court rejected that argument but did not order an acquittal. Instead, the Court of Appeals for the Fifth Circuit remanded the case for the same type of evidentiary hearing held by the lower court in the instant case.

Because the trial court determined, based on the three jurors' attestations during a properly held evidentiary hearing, that no harm to appellant occurred, and also because appellant initiated the communication with Ms. Small, we cannot say that the trial court abused its discretion in overruling appellant's motion for a mistrial. Nor was the court required to poll the remaining jury members to ascertain whether they observed the incident and whether they could proceed impartially. *Williams v. State,* 651 S.W.2d 820, 822 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). If appellant wished to show juror bias his remedy was a motion for a new trial pursuant to Tex.R.App.P. 30(b)(8), formerly Tex.

Code Crim.Proc.Ann. art. 40.03(8) (repealed) with accompanying affidavits by jurors attesting to bias. *Norman v. State,* 588 S.W.2d 340, 347 (Tex.Crim.App. [Panel Op.] 1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *Chastain v. State,* 667 S.W.2d 791, 797 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). This he failed to do. Appellant has failed to establish harm based on the record before us. We overrule his first point of error. *See Wilkes v. State,* 566 S.W.2d 299, 300 (Tex.Crim.App. [Panel Op.] 1978).

Appellant challenges the sufficiency of the evidence to sustain his aggravated robbery conviction as his second point of error. He argues that the State failed to establish that he used or exhibited a deadly weapon as required by Tex.Penal Code §§ 29.03 & 1.07(a)(11)(B).

In reviewing the sufficiency of the evidence to support appellant's conviction, the question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Draper v. State,* 681 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The standard applies to review of both direct and circumstantial evidence. *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App.1983) (opinion on State's motion for rehearing).

It was the State's burden to prove the elements of aggravated robbery beyond a reasonable doubt. Appellant admitted both taking the wallet and having the same knife in the store that the officer later recovered. Therefore the issues remaining to be proved were whether the knife was used or exhibited and, if so, whether the knife could cause death or serious bodily injury. Determination of whether a weapon is deadly is to be made in a case-by-case basis. *English v. State,* 647 S.W.2d 667, 669 (Tex.Crim.App.1983) (en banc). Moreover, a knife is not a deadly weapon *per se. Blain v. State,* 647 S.W.2d 293, 294 (Tex. Crim.App.1983) (en banc). Since there was

no actual injury, the State was required to support the capacity of the knife to seriously injure by factors such as the manner of use, the size of the blade, threats by the accused or the physical proximity of him and his victim. *Id.; Brown v. State*, 716 S.W.2d 939, 946 (Tex.Crim.App.1986) (opinion on appellant's and State's motion for rehearing) (en banc); *Batro v. State*, 635 S.W.2d 156, 157 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

The record indicates that the State called the complaining witness, Dorothy Mae Rodgers, an employee of the La Marque Weiner's Department Store. She testified that she saw appellant enter the store on February 18, 1986, that he picked up a boxed wallet from a store display and walked to the back of the store for a few seconds. Suspecting him of shoplifting, she called for help but continued to watch him as he moved towards her and the exit. She stated that after noticing a box-shaped bulge in his overcoat pocket she planned to ask him where the wallet was but that he extended his arm, whereupon she saw in his hand an open knife with a two to three inch pointed blade. She explained that she was within two to three feet of appellant, that she feared for her life and then backed away from him. She acknowledged that appellant neither lunged at her nor threatened her verbally. Another employee attested to the knife in appellant's hand and stated that she too was frightened.

The arresting officer testified that he recovered a knife from appellant. In a voluntary confession, appellant also admitted having *that* knife during the robbery, although he denied taking the knife out of his pocket and exhibiting it to the complaining witness. After qualifying the officer, who identified a Xerox copy of the knife, which had been lost, the State elicited his expert testimony that the recovered knife was sharp, had a good point and a blade capable of locking open, and could definitely cause a person's death.

■ Viewing the foregoing evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that ap-

pellant committed aggravated robbery by exhibiting the knife which the officer recovered and that the knife was capable of inflicting serious injury or death. Close proximity, the appellant's showing the weapon, resulting in the complainant's backing away because she feared for her life, all shown in this case, will suffice to support a determination that a deadly weapon was used. *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim.App.1984) (opinion on State's motion for rehearing).

Furthermore, although expert testimony is no longer required, *English v. State*, 647 S.W.2d at 669, the arresting officer's testifying to the deadliness of the knife he recovered from appellant also supports the jury's findings. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex.Crim.App. [Panel Op.] 1980); *Jackson v. State*, 668 S.W.2d 723, 725 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). The expert's testimony that the knife had a locking blade feature likewise supports a deadly weapon finding when considered along with the length of the knife's blade and its sharp point. *See Tisdale*, 686 S.W.2d at 113; *Batro v. State*, 635 S.W.2d 156, 158 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Appellant's second point of error is thus overruled.

■ Appellant alleges in his third point of error that his motion to quash should have been granted since the indictment failed to allege the owner of the wallet taken. It is settled law in Texas that a robbery indictment need not allege such ownership. We overrule appellant's third point of error as meritless. *Ex parte McWilliams*, 634 S.W.2d 815, 818 (Tex. Crim.App.1982) (en banc).

■ In his fourth and last point of error appellant claims the trial court erred when it overruled his motion to quash because the enhancement count alleged only that he had committed a prior offense in Galveston County and thus failed to apprise him of the actual court which rendered the conviction. The purpose of requiring specificity in the State's alleging prior convictions for enhancement is to enable an accused to inspect the court records of the prior case and ascertain whether they have been cor-

**650**

rectly stated. *See Hollins v. State*, 571 S.W.2d 873, 875–76 (Tex.Crim.App.–1978). The enhancement count in the instant case indicated the cause number and the date and county of the prior felony conviction. We find that appellant had adequate notice and conclude the State alleged appellant's prior burglary of a habitation conviction with sufficient specificity. The trial court properly denied appellant's motion to quash. We overrule appellant's fourth point of error.

The trial court's judgment of conviction is affirmed.