**James Thomas DOUCETTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–88–025 CR, 09–88–026 CR.**

Court of Appeals of Texas,
Beaumont.

June 28, 1989.

Rehearing Denied July 27, 1989.

Mark Morefield, Liberty, for appellant.

Jerry E. Andress, Liberty, for state.

### OPINION

BURGESS, Justice.

Appellant was convicted, in a consolidated trial, of two offenses of felony bail jumping. The jury assessed punishment at 45 years confinement in the Texas Department of Corrections in each case. Appellant urges five points of error applicable to each conviction. We find point one dispositive of each appeal.

The first point argues the trial court erred in denying a motion to quash the indictments and plea to the jurisdiction claiming the indictments are fundamentally defective or contain defects in form. Omitting the formal parts, the indictments state:

"... James Thomas Doucette on or about the 14th day of July A.D. 1987 ... did ... after being lawfully released from custody on condition that he subsequently appear in Court, intentionally and knowingly fail to appear in accordance with the terms of his release, to-wit: the said James Thomas Doucette failed to appear on the 14th day of July, 1987, in Cause Number 16,745 in the 75th Judicial District Court of Liberty County, Texas, and the offense for which the said James Thomas Doucette's appearance was required was Theft—Habitual Offender...."

"... James Thomas Doucette on or about the 14th day of July A.D. 1987 ... did ... after being lawfully released from custody on condition that he subsequently appear in court, intentionally and knowingly fail to appear in accordance with the terms of his release, to-wit: the said James Thomas Doucette failed to appear on the 14th day of July, 1987, in Cause Number 16,746 in the 75th Judicial District Court of Liberty County, Texas,

and the offense for which the said James Thomas Doucette's appearance was required was Theft—Habitual Offender...."

Appellant relies upon *Standley v. State*, 517 S.W.2d 538, 540 (Tex.Crim.App.1975), for the proposition that an indictment is fundamentally defective when it does not show whether the offense alleged is a misdemeanor or felony. *Standley* is a theft case where value is the determining factor in the punishment range and the value was not pled. *See also Fee v. State*, 722 S.W.2d 234, 241 (Tex.App.—San Antonio 1986, pet. granted). *Benoit v. State*, 561 S.W.2d 810 (Tex.Crim.App.1977), follows *Standley* and has a detailed discussion on the reasoning behind the proposition. *Benoit* was a controlled substance case where the amount of the controlled substance determined the penalty range and the amount was not pled. *Accord: Wilson v. State*, 520 S.W.2d 377 (Tex.Crim.App.1975), and *Mears v. State*, 520 S.W.2d 380 (Tex.Crim.App.1975). *Compare Bailey v. State*, 543 S.W.2d 653 (Tex.Crim.App.1976), where the substance alleged was lysergic acid diethylamide (LSD) which had only one possible penalty range and that was a second degree felony.

*Yuncevich v. State*, 626 S.W.2d 784 (Tex. Crim.App. [Panel Op.] 1982), listed the elements of the offense of bail jumping, pursuant to *TEX.PENAL CODE ANN. sec. 38.11* (Vernon 1989), as follows:

" '(1) a person

(2) released from custody

(3) conditioned upon appearing again

(4) intentionally or knowingly

(5) fails to appear in accordance with the terms of his release.' "

Bail jumping, like theft or possession of a controlled substance, is an offense that can either be a felony or misdemeanor. The determining factor is the classification of the offense for which the appearance was required. In the instant cases, the indictments alleged that appellant failed to appear in cause number 16,745 (and number 16,746) in the 75th District Court of Liberty County, Texas, and the offense for which the appearance was required was Theft—Habitual Offender. The offense of theft can either be a misdemeanor or felony and there are both misdemeanor and felony habitual offender statutes. They argue, however, that the inclusion of the cause numbers in which it was alleged appellant failed to appear can reasonably substitute for the missing word "felony", citing *Chance v. State*, 563 S.W.2d 812 (Tex.Crim. App.1978) (opinion on rehearing), and *TEX. CODE CRIM.PROC.ANN. art. 21.17* (Vernon 1989) which states:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

They state the instant indictments make specific references to the indictment cause numbers and the court in which Appellant was required to appear and an examination of these indictments reveals they are felony indictments. There is a general rule that when a written instrument enters into an offense as a part or basis thereof, the instrument should be set out in the indictment. *Atkins v. State*, 667 S.W.2d 540, 543 (Tex.App.—Dallas 1983, no pet.), and cases cited therein. Thus the State cannot rely upon an examination of the instruments in the cause number. Next, simply alleging a cause number in a district court does not necessarily infer a felony. District courts may have jurisdition over certain misdemeanors. TEX.CODE CRIM. PROC.ANN. art. 4.05 (Vernon 1977). Also, simply because the court alleged is a district court and the offense alleged is theft does not necessarily infer the offense is a felony. TEX.CODE CRIM.PROC.ANN. art. 21.26 (Vernon 1989) recognizes there may be indictments filed in the district court which charge an offense over which such court has no jurisdiction and directs a transfer in such an instance.

The issue here is whether the face of the two indictments confer jurisdiction upon the district court. If they do not, they are void. We hold the indictments fail to confer jurisdiction upon the district court because they fail to show whether the offense charged is a felony or misdemeanor.

The judgments are reversed and the causes remanded.[1]

BROOKSHIRE, Justice, dissenting.

By indictment the Appellant was charged in two separate causes, being numbered 17,118 and 17,125, with the offenses of bail jumping and failure to appear. The indictments for bail jumping and failure to appear contained enhancement paragraphs alleging four prior, final felony convictions. The two tried criminal proceedings were consolidated for trial by agreement of the litigants with the approval of the trial judge. The underlying indictments or cases were numbered and clearly identified as 16,745 and 16,746 respectively, having been filed on January 7, 1987.

On January 5, 1987, the court had appointed an attorney to represent Doucette in the two underlying felony theft prosecutions. In one of the underlying indictments Doucette was charged with a felony by unlawfully appropriating and acquiring one boat, one boat trailer and United States currency in the aggregate value of at least $750.00, but less than $20,000.00, from the owner, the Complainant, without the effective consent of the owner. The other underlying offense was described by indictment alleging that Doucette had acquired and exercised control over property, being one delivery van of at least $750.00 value, but less than $20,000.00 value, from a different owner, without the effective consent of that owner. Both theft indictments clearly alleged felonies.

At a writ of habeas corpus hearing, Doucette's bond was reduced on the following conditions: that Doucette was not to remove his residency from Liberty County and that he was to be home by dark unless he was working. Doucette was correctly arraigned in both cause numbers 16,745 and 16,746. Both were clearly felonies. Upon the reduction of the bonds, the defendant posted bonds. Doucette, of course, signed each bond as principal. Each bond recited and proved to Doucette that he was

indicted for felony thefts. The felony theft cases were each called for trial on April 14, 1987; May 5, 1987; and June 9, 1987. On each date *the Appellant announced not ready.* On July 14, 1987, the Appellant failed to appear at the criminal docket call. A bond forfeiture was entered in each case.

In the two tried principal indictments for bail jumping and failure to appear the enhancement paragraphs set out that Doucette had been previously convicted of a felony, being burglary of a habitation with the intent to commit theft; also convicted in the District Court of Harris County under the name of Tommie James Doucette, of the felony offense of unlawful possession of methamphetamine; and that in the District Court of Harris County he had been convicted of another felony, to wit: unauthorized use of a motor vehicle. The fourth enhancement paragraph alleged a prior conviction of a felony, that being kidnapping.

Appellant fled. Appellant later was arrested in Idaho by a peace officer who was the chief deputy sheriff of Lemhi County. The deputy sheriff, Mr. Barsalou, first came in contact with the Appellant on July 22, 1987. The Appellant had abandoned a car with Texas metal license plates. The Appellant was apprehended in a remote part of Lemhi County, approximately 60 miles northwest of the city of Salmon on the Salmon River. The area is primarily a national forest. Through court proceedings in Idaho, the Appellant was extradited to Liberty County.

The Court has reversed the judgment holding that the first point of error was dispositive of the appeals (more than one). The basic thrust of Appellant's argument on point of error No. 1 is that the indictments in each of the bail jumping charges *were fundamentally defective because neither indictment specifically used the word "felony"* in setting out the offenses for which the Appellant's appearances were required. Furthermore, the Appellant's point of error *states that the failure*

---

1. Prior to the adoption of TEX.CODE CRIM. PROC.ANN. art. 28.10 (Vernon 1989), cases of this nature resulted in the void indictment being dismissed. Arguably, *art. 2810* would allow the indictment to be amended, thus a dismissal from this court is not appropriate.

*to use the word "felony" actually deprives the district court of jurisdiction.* The Court ratifies these contentions. There is an alternative complaint that if the omission of the word "felony" does not cause the indictments to be fundamentally defective, then it is a serious defect in form. Hence, the indictments are voidable.

One of the indictments under consideration recites that Doucette failed to appear on a certain date in cause number 16,745 in the 75th Judicial District Court of Liberty County, Texas. The offense for which his appearance was required was clearly a felony theft. The underlying cause number 16,745 was definitely a felony theft; it was filed in a district court and the allegations were that the Appellant unlawfully appropriated property worth at least $750.00 but less than $20,000.00. Doucette had been actually served by precept with a copy of that indictment. Doucette knew it was a felony charge. Doucette's bond impressed upon him that the charge was a felony. The Appellant concedes in his brief that the inquiry as to the sufficiency of the indictment is to be measured by the written indictment containing the elements of the offense in plain and intelligible language, citing *Benoit v. State,* 561 S.W.2d 810 (Tex. Crim.App.1977).

Nevertheless, Appellant places paramount reliance on *Standley v. State,* 517 S.W.2d 538 (Tex.Crim.App.1975), arguing that it is well-established that the value of the property must be alleged *if it determines or affects the penalty. Standley* was a theft case. *Standley* was not a bail jumping case. In our case the exact cause number of the underlying indictment was set out. This felony theft indictment could properly be referred to and read in conjunction with the bail jumping indictment. In that theft indictment the valuations of the property were alleged. The Appellant would not have objected to the bail jumping indictment if it had read that the Appellant had failed to appear on a felony charge on a certain day in July 1987. The bail jumping indictment attacked gives complete information to Doucette. *TEX.PENAL CODE ANN. sec. 31.03(e)(4)(A)* (Vernon

1989) definitely classifies the value of the property involved in theft numbers 16,745 and 16,746 as felonies. Appellant actually knew the theft charges were definitely felonies.

TEX.PENAL CODE ANN. sec. 38.11(f) (Vernon 1989) specifically provides that an offense under this same section is a felony if the offense for which the actor's appearance was required is classified as a felony. The bail jumping indictments were returned to the district court. The gravamen of the offense of felony bail jumping is the failure to appear. Whether the underlying felony offense is proven is immaterial. The state is merely required to show that the charges for the felony offenses were *then pending against the defendant.* See *Small v. State,* 692 S.W.2d 536 (Tex.App.— Dallas 1985, pet. ref'd).

The language of the bail bonds appraising the Appellant of his obligations to the court and setting forth the felony offenses and reciting the terms and conditions of his release were sufficient proof of the terms and conditions in each prosecution for bail jumping. *Euziere v. State,* 648 S.W.2d 700 (Tex.Crim.App.1983). *The wording of the bail bond itself—signed by Doucette as principal—directing him to appear in the court in which he was indicted for a felony had* provided sufficient and proper notice. When the bonds' wording and notice were combined with the evidence of Doucette's failure to appear without any reasonable excuse, the record before us became sufficient to establish and sustain a conviction of intentionally and knowingly failing to appear in accordance with the bail bond. *Euziere, supra.*

Under *38.11, supra,* the only other punishments for the offense of bail jumping are as set out as a Class A or Class C misdemeanor with one exception—Sec. 38.-11(f). A Class C misdemeanor is an offense punishable by a fine only. Other bail jumping offenses are classified as Class A misdemeanors except under Sec. 38.11(f). None of the misdemeanors or exceptions are remotely involved.

TEX.PENAL CODE ANN. sec. 31.-03(e)(4)(A) (Vernon 1989) provides that if

the value of the property stolen is $750.00 or more but less than $20,000.00, then the offense is a felony.

TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon Supp.1989) specifically provides that if it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, with the second previous felony conviction being for an offense that occurred subsequent to the time the first previous conviction had become final, then on conviction the defendant shall be punished by confinement in the State Department of Corrections for life or for a term of not more than 99 years nor less than 25 years.

No County Court or County Court at Law could entertain or have jurisdiction of such indictments, as here, containing these four particular enhancement paragraphs. The two indictments on bail jumping and failing to appear by and through their enhancement paragraphs, specifically pleaded facts triggering *sec. 12.42, supra,* demonstrating that only a district court possesses jurisdiction over a felony proceeding where the punishment may be confinement in the State Department of Corrections for life or for a term of not more than 99 years nor less than 25 years. The four particular enhancement paragraphs which are on the face of the bail jumping indictment clearly show that the proceeding was a felony prosecution of which the district court had jurisdiction.

The district court's jurisdiction applies only to criminal cases of the grade of felony, or exceptional misdemeanors involving official misconduct or certain misdemeanor cases involving the charge of driving while intoxicated. Neither exception is relevant. TEX.CODE CRIM.PROC.ANN. arts. 4.05, 4.17 (Vernon 1977 and Vernon Supp.1989). Without question, Appellant had actual personal notice that the underlying cases were felony theft cases. The language and wording of the felony theft indictments (which can be properly consulted), as well as the bail jumping indictments clearly comply with TEX.CODE CRIM.PROC. ANN. art. 21.11 (Vernon 1989) and they

facially and unequivocally show a felony prosecution in District Court.

The language used (in the challenged indictments) is concise, ordinary and is set out in a manner to enable a person of common understanding to know what is meant. Both sets of indictments comply with *Article 21.11.* In each indictment on the bail jumping and failing to appear charge, a specific reference was made to cause number 16,745 and cause number 16,746, respectively. Hence, these accusatory pleadings have given adequate notice to the accused and have invoked the jurisdiction of the district court. The trial judge certainly had the right to take notice of his own records and official files in his own court. The bail jumping indictments and felony theft indictments were pending in the District Court of Liberty County.

The bail jumping indictments amply stated a felony offense. If the reading of the indictment as a whole, by necessary inclusion, supplies an omitted word, term or phrase, such necessary inclusion will not render the charging instrument fundamentally defective. Rather, the necessary inclusion provides the omitted words; the indictment is valid. *Murphy v. State,* 665 S.W.2d 116 (Tex.Crim.App.1983). An indictment drawn in the language of the statute is ordinarily sufficient and adequate. Under the definitive, operative clause of *sec. 38.11,* it is not necessary to plead that the bail jumping or the failure to appear charge was based on an underlying felony.

In my opinion, *Yuncevich v. State,* 626 S.W.2d 784 (Tex.Crim.App.1982), is the dispositive authority on this appeal. There the Court of Criminal Appeals wrote that an indictment drawn in the language of the statute, creating and defining the offense, is ordinarily sufficient, citing *Few v. State,* 588 S.W.2d 578 (Tex.Crim.App.1979). The High Court further wrote:

"The elements of the offense of bail jumping, pursuant to Sec. 38.11, V.T.C.A. Penal Code, are as follows:

"(1) a person

"(2) released from custody

"(3) conditioned upon appearing again

"(4) intentionally or knowingly

"(5) fails to appear in accordance with the terms of his release."

Significant and critical, as well as interesting, is the proposition and holding of the Court of Criminal Appeals that the elements of the offense of bail jumping need not include as an essential allegation a pleading that the underlying offense was either a felony or a misdemeanor. After setting out the five elements the High Court wrote:

"The challenged indictments were drawn in the language of the statute and include all the elements of the offense of bail jumping. *We therefore find these indictments sufficiently alleged the offenses of bail jumping.*" (Emphasis added.)

It is interesting and important to note that in the *Yuncevich* case, the High Court recited in a footnote that the appellant was charged with the felony offense of bail jumping pursuant to TEX.PENAL CODE ANN. sec. 38.11(f). Section 38.11(f) reads:

"An offense under this section is a felony of the third degree if the offense for which the actor's appearance was required is classified as a felony."

Subsection (f) does not require that the charging instrument allege a felony, but merely requires that the offense for which the actor's appearance was required *is classified in law as a felony*. That requirement was fully met in both sets of indictments in the case before us.

Doucette made two bonds. Each bond recited that James Thomas Doucette, III, stands charged by indictment duly presented in the 75th Judicial District Court of Liberty County, with the offense of a felony, in one cause number 16,745, theft; in the other cause number 16,746, theft. Doucette agreed to appear. The two principal indictments containing the four enhancement paragraphs (each enhancement paragraph alleging a prior final felony conviction) definitely invoke the jurisdiction of the district court of Liberty County, Texas. *Drumm v. State,* 560 S.W.2d 944 (Tex. Crim.App.1977). In his brief the Appellant, while discussing the case of *Yuncevich,*

*supra,* argues that the offenses for which Yuncevich's appearance was required were either expressly classified as felony offenses or that such classification was supplied by inference because of the description of the offenses, being the delivery of methamphetamine or the delivery of heroin. The same reasoning and rationale can and should be applied to the instant indictments under review. These contain the specific references to the felony thefts along with the four enhancement paragraphs. Hence, in my opinion, the Appellant's attempt to distinguish *Yuncevich, supra,* lacks merit.

It is glaringly clear that the Appellant, Doucette, did not concern himself with the omission of the word "felony" when he travelled out of Texas to the State of Idaho. No substantive right or procedural requirement affecting the merits of the trial or the jury's verdict was violated. A careful reading and thoughtful analysis of the record, I think, demonstrates that the Court's reversal is based on a technicality. A failure of the indictment to include the word "felony" did no harm to Doucette.

Once again, the Court overthrows a jury verdict after a careful, somewhat lengthy, trial involving some expense. In the face of the indictments that fully and clearly set out all the elements of bail jumping and even in the face of the four enhancement paragraphs in the indictment, which reasonably and clearly show that the District Court has jurisdiction, the Court actually "holds the indictments fail to confer jurisdiction upon the District Court because they fail to show whether the offense charged is a felony or misdemeanor". The Court further holds that the indictments are "void". Because the Court makes these holdings, I dissent.