**Kenneth SIMMONS, Appellant,**

*v.*

**The STATE of Texas, Appellee.**

**No. 09–89–013 CR.**

Court of Appeals of Texas,
Beaumont.

Nov. 15, 1989.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Steve Greene, Asst. Dist. Atty., Liberty, for State.

OPINION

BURGESS, Justice.

A jury convicted appellant of burglary of a habitation with intent to commit theft—habitual offender. Appellant pleaded not true to the enhancement paragraphs of the indictment, which allegations the trial court found "true" and assessed appellant's punishment at sixty (60) years' confinement in the Texas Department of Corrections. Appellant perfected this appeal urging in two points of error the trial court erred in finding "true" to the second enhancement count.

The indictment read, in pertinent part, as follows:

[P]rior to the commission of each of the aforesaid offenses by the said KENNETH SIMMONS, to-wit; on the 25th day of May, 1984, in the 208 District Court of Harris County, Texas, in Cause Number 351014 on the docket of said Court, the said KENNETH SIMMONS under the name of KENNETH EARL SIMMONS was duly and legally convicted in said last named Court of a felony, to-wit: Theft of a Truck....

Appellant urges in separate points of error the 208 District Court did not have jurisdiction over the offense charged and the record does not establish "Theft of a truck" is a felony offense. We affirm.

■ Appellant raised no objection to the indictment prior to the date of trial and thus waived any defect in the allegations of the indictment. *TEX.CODE CRIM.PROC. ANN. art. 1.14(b)* (Vernon Supp.1989). Even if no court had been alleged in the indictment, it would not be fundamentally defective. *Teamer v. State*, 557 S.W.2d 110 (Tex.Crim.App.1977). Appellant concedes the proof conforms to the indictment. The description of the court was sufficient notice to the accused. *Babbs v. State*, 739 S.W.2d 646 (Tex.App.—Houston [14th Dist.] 1987, no pet.); *Brown v. State*, 636 S.W.2d 867 (Tex.App.—Fort Worth 1982, no pet.).

Appellant argues the evidence introduced at trial does not show appellant was convicted in a court that had jurisdiction to hear the case because the "pen pack" includes a document purporting to be from the minutes of the "208" District Court and signed by the "Judge, 208 District Court of Harris County, Texas" and as such does not establish appellant's prior conviction to be an official act of the 208th District Court with jurisdiction in Harris County, Texas. Appellant offered no evidence at trial to dispute the prior conviction was obtained in a court with jurisdiction and concedes there is a 208th District Court with jurisdiction in Harris County, Texas. Appellant's first point of error is overruled.

■ Appellant's second point of error urges the record does not establish "Theft of a Truck" is a felony offense. The judgment admitted at trial purports on its face to be a conviction of a felony and assesses punishment at five years' confinement in the Texas Department of Corrections. The state established a prima facie case for the prior conviction properly linked to appellant. *See Preston v. State*, 667 S.W.2d 331 (Tex.App.—Corpus Christi, 1984, no pet.).

■ The judgment in the prior conviction purports on its face to be a judgment of a district court. It states the offense is a felony theft and assesses punishment at five years' confinement in the Texas Department of Corrections. Appellant did not object to the admission of the judgment at trial on the grounds raised by his points of error. Appellant introduced no evidence at trial to the effect the conviction was for other than a felony offense. A prior conviction alleged for enhancement purposes may be collaterally attacked only if it is void or tainted with a constitutional defect. *Dunbar v. State*, 761 S.W.2d 133 (Tex.App.—Fort Worth 1988, no pet.). Theft of a truck may be a felony offense and appellant has produced no evidence that this conviction was for other than a felony offense as stated in the judgment. Appellant's second point of error is overruled and the trial court's judgment affirmed.

AFFIRMED.

BROOKSHIRE, Justice, concurring.

The Court rejects the Appellant's argument and separate points of error that the

*"208 District Court did not have jurisdiction over the offense charged"* and "the record does not establish that 'theft of a truck' is a felony offense." I agree with the Court's affirmance. I agree with the rejection of these two arguments. But then the Court holds that, *even if no court had been alleged in the indictment, the accusatory pleading would not be fundamentally defective,* citing *Teamer v. State,* 557 S.W.2d 110 (Tex.Crim.App.1977). The court further holds that the description of the court was sufficient notice to the accused citing *Babbs v. State,* 739 S.W.2d 646 (Tex.App.—Houston [14th Dist.] 1987, no pet.) and *Brown v. State,* 636 S.W.2d 867 (Tex.App.—Fort Worth 1982, no pet.).

In *Teamer, supra,* the Court reasoned that, even though the attacked part of the indictment failed to specifically allege that the Appellant had been convicted in a court much less in a district court, this defect did not render that accusatory instrument void.

In *Babbs, supra,* the Court addressed a point of error wherein Babbs argued that the trial court erred when it overruled his timely motion to quash when the enhancement paragraph alleged only that he had committed a prior offense in Galveston County and thus had failed to apprise him of the actual court which rendered the conviction and final judgment. The Court reasoned that since the paragraph had indicated the cause number, the date and the county of the prior conviction that that information gave adequate notice. The Court stated:

> "We find that appellant had adequate notice and conclude the state alleged appellant's prior burglary of a habitation conviction with sufficient specificity."

*Id.* at 650. Hence, the Court held that the trial court properly denied Appellant's Motion to Quash.

In *Brown, supra,* the Court wrote that only district courts have jurisdiction over felonies. In *Brown* the accusatory pleading referred to a Criminal District Court No. 1 of Dallas County, Texas. Brown attacked this pleading on the ground that there was no Criminal District Court No. 1 in Dallas County; *the State conceded that*

*there was no Criminal District Court No. 1 in Dallas County.* The Court reasoned that an accused is entitled to a description *that will enable him to find the record and make preparations for trial,* citing *Hollins v. State,* 571 S.W.2d 873 (Tex.Crim. App.1978). Although these cases dealt with enhancement paragraphs, their opinions reason correctly that adequate notice was given *so that the accused could find the records and make preparation for trial.* This sound reasoning should and does apply to *Doucette v. State,* 774 S.W.2d 88 (Tex.App.—Beaumont 1989, State's pet. ref'd, Appellant's pet. granted).

Inasmuch as the Court declines to even modify its *Doucette* opinion, this concurring opinion is respectfully filed. In *Doucette* the majority held no jurisdiction reposed in the district court. Here in *Simmons* sub judice the Court reasons to the contrary. In the instant case, the judgment in the district court of Harris County recited that the defendant, Simmons, was guilty of the theft of an automobile. The Liberty County indictment specifically recited that Appellant had been convicted of theft of a truck. Nevertheless, this Court held that the State had established a prima facie case for the prior conviction linking that conviction properly to Kenneth Simmons citing *Preston v. State,* 667 S.W.2d 331 (Tex.App.—Corpus Christi 1984, no pet.). The Court reasoned that theft of a truck may be a felony offense, noting the Appellant had produced no evidence. Thus Appellant, here, had the burden to prove that this conviction was for something other than a felony offense. Nevertheless, such reasoning and rationale were not applied to *Doucette, supra,* where the indictments for bail jumping were complete in all particulars except a recitation that the underlying indictment was a felony. This was held to deprive the trial court of jurisdiction, in spite of the fact that the underlying indictment was filed in the same court as the bail-jumping indictment, and so need not have been plead specifically when the trial court could take judicial notice of that prior pleading in a cause before it. *TEX. CODE CRIM.PROC.ANN.* art. 21.18. See also *Hasley v. State,* 786 S.W.2d 733 (Tex.

App.—Beaumont, 1989, n.p.h.). I would urge a review of the issues in *Doucette* and the creation of an exception for the special circumstances of that and similar cases. Hence, this concurring opinion is filed. I concur in the affirmance.