the Dallas Court of Appeals in *Guilder v. State*, 794 S.W.2d 765 (Tex.App.—Dallas 1990):

"We recognize that Texas Rule of Appellate Procedure 55(b) and (c) grants this court wide discretion to supplement the transcript or statement of facts so as to include omitted matter. [citations omitted] However, such discretion should not be exercised, *in the absence of some unusual circumstance,* so as to permit new material to be filed after the appellate court has written its opinion and rendered its judgment. Such action would be contrary to the spirit and purpose of Rules 54(b) (setting forth the appellate timetable) and 50(d) (placing the burden on appellant to see that a sufficient record is presented to show error requiring reversal) and would interfere with the orderly administration of justice." [citations omitted] (emphasis in original)

If Rules 55(a), (b), and (c) do not apply, what authority exists for allowing the illuminating editorial comments of the trial court in this "proceeding?" None, I submit.

To the setting of this dangerous precedent, I vigorously dissent.

Prior report: Tex.App., 774 S.W.2d 88.

On Appellant's petition for discretionary review: petitions dismissed.

Bertram POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 1515–89.

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 1990.

Appeal from 70th District Court, Ector County; Gene Ater, Judge.

Prior report: Tex.App., 777 S.W.2d 466.

On Appellant's and State's petition for discretionary review: State's petition refused and Appellant's petition refused as to ground No. 1; Appellant's petition granted as to ground No. 2 and remanded to the Court of Appeals.

James Thomas DOUCETTE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 1204–89, 1205–89.

Court of Criminal Appeals of Texas, En Banc.

Jan. 31, 1990.

Appeal from 75th District Court, Liberty County; Clarence D. Cain, Judge.

Anthony J. COLEMAN

v.

STATE.

No. 0692–90.

Court of Criminal Appeals of Texas, En Banc.

Aug. 22, 1990.

