

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00215-CR
_____

MICHAEL ATCHLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-15-25562

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

Michael Ray Atchley was convicted of third degree failure to appear. *See* TEX. PENAL CODE ANN. § 38.10 (West 2011). In this appeal, Atchley asserts four points of error: (1) that the State's introduction of evidence regarding his failure to respond to a civil judgment nisi proceeding violated his right to post-arrest silence under the United States and Texas Constitutions; (2) that the introduction of that evidence also violated Rule 403 of the Rules of Evidence; (3) that the State made material misrepresentations of the law to the jury by asserting that Atchley had the burden of proving a valid reason for his failure to appear; and (4) that he is entitled to more credit for jail time served than that which was awarded by the trial court. We find (1) that the State did not violate Atchley's right to post-arrest silence, (2) that evidence of his failure to respond to a civil judgment nisi proceeding was not inadmissible under Rule 403, (3) that the State's statements regarding the burden of proof were substantially correct and that, even if they were incorrect, the error was harmless, and (4) that Atchley received all of the jail-time credit to which he was entitled. Accordingly, we overrule Atchley's points of error and affirm the trial court's judgment.

## I.     Factual Background

Atchley was arrested and charged with family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b) (West Supp. 2016). He was released on bond on that charge on November 12, 2014, and was scheduled to appear before the trial court on February 25, 2015. Atchley did not attend the court setting, and a judgment nisi was entered on February 26, 2015.

At trial, Benjamin Kaminar testified for the State. Kaminar is an assistant district attorney with the Fannin County District Attorney's Office. His duties include pursuing all bond forfeitures

2

for Fannin County. Although Kaminar was not directly involved in the prosecution of Atchley's failure to appear case, he represented the County in the civil action instituted to obtain a judgment nisi against Atchley and his bondsman after Atchley failed to appear on the February 25 court date.[1] Kaminar summarized the applicable articles of the Texas Code of Criminal Procedure and explained how the bond forfeiture procedure works. His testimony was offered to help educate the jury about the process for obtaining a judgment nisi.

Kaminar explained that there is a criminal bond process and a civil bond process. He further explained that the two processes are related, but that they are independent of one another. He testified that when a defendant has been arrested and charged with an offense by a law enforcement officer, he will be released from custody once he posts a bond. The bond is the defendant's promise to appear before the criminal court to answer the criminal charges.

Kaminar went on to testify that when a criminal defendant who has been released on bond does not appear at a designated court date as ordered, the bailiff will call for him three times in the hallway outside the courtroom. If the defendant does not answer and appear in response to the bailiff's call, then after a reasonable amount of time has passed, the criminal court will issue a judgment nisi, which is a conditional judgment forfeiting the amount of the bond to the State. By signing and entering the judgment nisi, the court creates a separate, civil proceeding which is a companion to the criminal proceeding. In the civil case, the State sues both the bail bondsman and

---

[1]Kaminar testified that he was the prosecutor in Atchley's misdemeanor family violence assault charge, which was the underlying charge that resulted in the present failure to appear charge. He also testified that he did not perform the intake review of any of Atchley's felony cases.

the defendant for the amount of the bond as well as any costs associated with retrieving the defendant and returning him to Fannin County.

Kaminar further testified that once the judgment nisi is entered, he will prepare a citation for the defendant and the bondsman, or surety, to answer the civil case. He takes the citation together with a copy of the bond to the district clerk's office, which will then send copies to the surety and the defendant. The surety and the defendant have the opportunity to file an answer to the judgment nisi. In this case, the surety answered, but Atchley did not. Kaminar testified that he never received any notice from Atchley about any reason or excuse for failing to appear at the February 25 trial date.[2]

## II. Kaminar's Testimony Regarding Atchley's Failure to Answer the Judgment Nisi Did Not Violate His Right to Post-Arrest Silence

### A. Introduction and Standard of Review

The Court of Criminal Appeals has held that "[a] comment on a defendant's post-arrest silence violates the Fifth Amendment prohibition against self-incrimination." *Dinkins v. State*, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995) (citing *Doyle v. Ohio*, 426 U.S. 610, 617–618 (1976); *Miranda v. Arizona*, 384 U.S. 436, 468 n.37 (1966)). The Court of Criminal Appeals explained that "[a] comment on a defendant's post-arrest silence is akin to a comment on his failure to testify at trial because it attempts to raise an inference of guilt arising from the invocation of a

---

[2]The deputy district clerk who handled criminal dockets testified that she mailed the citation and judgment to Atchley at his home address in Dodd City, Texas. Atchley does not contest the accuracy of his address, and he testified at trial that he received the information on the judgment nisi. The bailiff on duty during the February 25 docket call testified that Atchley was one of only two defendants on that morning's docket who failed to appear, that Atchley did not answer when his name was called in court, and that Atchley did not answer when his name was called three times in the hallway outside the courtroom.

constitutional right." *Id*. "Thus, impeachment of an arrestee by the use of post-arrest, post-*Miranda* silence violates the arrestee's privilege against self-incrimination and his right to due process under the federal constitution." *Sanchez v. State*, 707 S.W.2d 575, 577 (Tex. Crim. App. 1986).

By contrast, "[a]n accused's right to be free from compelled self-incrimination under the Texas Constitution arises at the moment an arrest is effectuated." *Id.* at 579–80. Accordingly, the United States Constitution protects post-arrest silence after the defendant has received his warnings required by *Miranda*. The Texas Constitution protects post-arrest silence regardless of whether the *Miranda* warnings have yet been administered. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004).

### B. Application

Atchley challenges Kaminar's testimony that he failed to file an answer to the judgment nisi on the basis that it constituted an impermissible comment on his right to post-arrest silence. Nevertheless, even if we assume that his failure to answer the judgment nisi was the type of post-arrest silence protected by the United States and Texas Constitutions, at the time the answer to the judgment nisi was due, Atchley had not yet been arrested for failure to appear. Therefore, regardless of whether we apply the United States or the Texas constitutional standard, his silence was pre-arrest, not post-arrest.

Pre-arrest and pre-*Miranda* silence can be used for impeachment under both the United States and Texas Constitutions. *See Salinas v. State*, 369 S.W.3d 176, 179 (Tex. Crim. App. 2012) ("We hold that pre-arrest, pre-*Miranda* silence is not protected by the Fifth Amendment right

5

against compelled self-incrimination, and that prosecutors may comment on such silence regardless of whether a defendant testifies."); *see also Cisneros v. State*, 692 S.W.2d 78, 85 (Tex. Crim. App. 1985) (holding that "prosecutor's questions to the appellant as to his prearrest silence" did not violate the United States Constitution and stating, "[W]e do not conclude that Article I, §§ 10 and 19, Texas Constitution, call for a different result in Texas as to prearrest silence . . . .").[3] Consequently, evidence regarding Atchley's failure to file an answer to the judgment nisi did not violate his right to post-arrest silence.[4] We overrule Atchley's first point of error.

---

[3] In his brief, Atchley states, "Use of any pre-arrest, pre-*Miranda* silence is prohibited on state-law grounds." Atchley cites to *Sanchez* as authority for this position. Yet, *Sanchez* specifically states, "[W]e hold that pursuant to Art. I, § 10 of the Texas Constitution, *when the defendant is arrested*, he has the right to remain silent and the right not to have that silence used against him, even for impeachment purposes, regardless of when he is later advised of those rights." *Sanchez*, 707 S.W.2d at 580 (emphasis added). Atchley cites to no other case holding that comments on a defendant's pre-arrest silence violate his right to post-arrest silence.

[4] To the extent Atchley argues that his failure to answer the judgment nisi was post-arrest because he had already been arrested in connection with the family violence assault charge, a Court of Criminal Appeals opinion in a similar context suggests that not all arrests are relevant for determining whether the State violated a defendant's right to post-arrest silence. In *Herrera v. State*, the Court of Criminal Appeals held that "incarceration does not always constitute 'custody' for *Miranda* purposes when an inmate is questioned by law enforcement officials 'regarding an offense separate and distinct from the offense for which he was incarcerated.'" *Herrera v. State*, 241 S.W.3d 520, 531 (Tex. Crim. App. 2007) (quoting *United States v. Menzer*, 29 F.3d 1223, 1231 (7th Cir. 1994)). Although the Court of Criminal Appeals did not hold that incarceration on a previous offense is never custody for purposes of *Miranda* in separate cases, it did not hold that incarceration on a previous offense is always custody, either. *Id*. Rather, the Court of Criminal Appeals held that each case must be evaluated "'on an ad hoc basis, after considering all of the (objective) circumstances' [based on] the 'reasonable person' standard." *Id*. at 532 (citation omitted) (quoting *Dowthitt v. State*, 931 S.W.2d 244, 254, 255 (Tex. Crim. App. 1996)). In the same way that custody in one case is not necessarily custody in a separate case for purposes of *Miranda*, arrest in one case does not necessarily constitute arrest in a separate case for purposes of the right to post-arrest silence. Thus, the reasoning in *Herrera* suggests that merely because a defendant who is on bond was arrested on the bonded offense does not mean that any comment about his refusal to speak in any subsequent case necessarily constitutes a violation of his right to post-arrest silence.

The facts in this case support that conclusion. First, the two offenses seek to protect different interests. Atchley's arrest for family violence assault arose from the alleged commission of an offense classified as an offense against persons. *See* TEX. PENAL CODE ANN. §§ 22.01–.12 (West 2011 & Supp. 2016). By contrast, his failure to appear charge arose from the alleged commission of an offense classified as an offense against public administration. *See* TEX. PENAL CODE ANN. §§ 38.01–.18 (West 2011 & Supp. 2016). Accordingly, the gravamen of the two offenses is not the same. *See Small v. State*, 692 S.W.2d 536, 540 (Tex. App.—Dallas 1985, pet. ref'd) (holding that "the gravamen of the offense of failing to appear for a felony offense is the *failure to appear*, [and] that whether the underlying felony is ever proven is immaterial . . . ."). Moreover, Atchley's failure to answer the judgment nisi did not implicate his guilt in the family violence assault. Therefore, Atchley's arrest in the original family violence assault

6

**III. Evidence of Atchley's Failure to Answer the Judgment Nisi Was Not Overly Prejudicial Under Rule 403**

**A. Introduction and Standard of Review**

Atchley next complains that the probative value of Kaminar's testimony was substantially outweighed by the danger of unfair prejudice because it violated his right to post-arrest silence and because it confused and misled the jury. Accordingly, he concludes that the evidence was inadmissible under Rule 403 of the Rules of Evidence. *See* TEX. R. EVID. 403.[5]

We review a trial court's decision to exclude evidence under Rule 403 under the abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990). Under that standard, "as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." *Id.* at 391. In conducting our review, we consider

> (1) how compellingly the evidence serves to make a fact of consequence more or less probable . . .; (2) the potential the evidence has to impress the jury in some irrational but nevertheless indelible way; (3) the time the proponent will need to develop the evidence (during which, the jury will be distracted from consideration of the indicted offense); and (4) the force of the proponent's need for this evidence to prove a fact of consequence (that is, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute) . . . .

*Wyatt v. State*, 23 S.W.3d 18 (Tex. Crim. App. 2008); *see Montgomery*, 10 S.W.2d at 389–90.

---

case was not the relevant arrest for determining whether his failure to answer the judgment nisi violated his right to post-arrest silence in the trial of his failure to appear charge.

[5]Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

**B.     Application**

In this case, Kaminar addressed two topics:   (1) Atchley's failure to respond to the judgment nisi and (2) the law regarding bond forfeitures and the civil and criminal consequences of failing to appear in general.

With respect to the first category, in a prosecution for failure to appear, the defendant has the initial burden of production to show a reasonable reason for failing to appear, and once he does so, the State has the burden of persuasion to disprove that defense beyond a reasonable doubt.  *See* TEX. PENAL CODE ANN. § 2.03 (West 2011), § 38.10(c); *see also Kirk v. State*, 421 S.W.3d 772, 777 (Tex. App.—Fort Worth 2014, pet. ref'd) ("After the defendant has introduced some evidence supporting a defense under section 2.03 of the penal code, the State bears the burden of persuasion to disprove it.  The burden of persuasion does not require the production of evidence; rather, it requires the State to prove its case beyond a reasonable doubt." (citation omitted)); *Zuliani v. State*, 97 S.W.3d 589, 594 n.5 (Tex. Crim. App. 2003) ("[A] defendant bears the burden of production and the State bears the burden of persuasion on a defense under Penal Code section 2.03.").  At trial, Atchley testified that he was unable to attend trial because he was helping his mother move to Louisiana thereby meeting his burden to produce some evidence of an excuse.  Once he did so, the State had the burden of persuasion to disprove his excuse by proving its case beyond a reasonable doubt.  *Id.*

As discussed previously, Atchley's failure to answer the judgment nisi was pre-arrest, and therefore, the State could comment on it.  The State proved Atchley's notice and his failure to appear through other testimony, and Kaminar's testimony was introduced to disprove Atchley's

8

excuse defense. Because Atchley was at risk of liability for monetary damages in the judgment nisi case, the fact that he did not assert an excuse in response to the judgment nisi undercut the strength of Atchley's excuse at the criminal trial. Therefore, Kaminar's testimony that Atchley failed to answer the judgment nisi was relevant to the issue of whether the State proved his guilt beyond a reasonable doubt.

Moreover, because evidence of Atchley's failure to answer the judgment nisi was admissible, it became necessary to explain the difference between the civil and criminal proceedings to eliminate potential confusion regarding the duties in each proceeding. Kaminar's testimony explained the differences between the two proceedings.[6] Consequently, Kaminar's testimony served to make facts of consequence more probable. The first consideration under Rule 403 weighs in favor of admissibility.

Because the evidence of Atchley's failure to answer the judgment nisi was pre-arrest and therefore admissible, and because the testimony helped to eliminate rather than create any confusion between the civil and criminal proceedings, there was little potential for the evidence to

---

[6]During voir dire, Atchley's counsel himself informed the veniremembers,

> The bail bond is a two-step process. It's both a civil and a criminal process. The civil process, you and the bondsman sign saying you're going to be at court when you're reasonably notified, and if you're not, both of you are on the hook for the money. That's how a bail bond works. It's a civil process.
> When someone fails to show up for court, the -- both the bondsman and the person are defendants in what we call a NISI action, basically a judgment for the State for an amount of money. And you can be negligent, you can be reckless, you can be whatever you want, but if you're not there, you're going to lose that case.
> But the criminal law says that a person is criminally liable -- you commit another felony if you're out on bond for an allegation of a felony if you intentionally or knowingly fail to appear. And that's a little bit harder.

Consequently, considering Atchley's counsel interjected this information at voir dire, he contributed to the need for Kaminar's testimony to eliminate any confusion regarding differences between the two proceedings.

9

impress the jury in an irrational manner. Also, the time devoted to its presentation was small. Most of Kaminar's testimony focused on the nature of bond forfeitures and the civil and criminal consequences in general and only briefly discussed Atchley's specific case. Finally, the State presented no other evidence available to dispute Atchley's excuse. Thus, the second, third, and fourth factors weigh in favor of admissibility.

Consequently, we do not find that the trial court abused its discretion in admitting Kaminar's testimony. We overrule Atchley's second point of error.

## IV.     The State Did Not Improperly Shift the Burden of Proof to Atchley

### A.     Introduction and Standard of Review

Atchley next complains that the trial court erred in allowing the State to shift the burden of proof regarding his excuse defense. Specifically, he asserts that at voir dire, the State told the veniremembers that the defendant in a prosecution for failure to appear had to "prove that the -- that they didn't receive notice or that they didn't have a reasonable excuse" for failing to appear at court on the designated date.[7]

Misstatements of the law by attorneys during voir dire are improper. *Thompson v. State*, 95 S.W.3d 537, 541 (Tex. App.—Houston [1st Dist.] 2002, no pet.). When considering whether the trial court erred in overruling an objection to a legal statement during voir dire, we apply the abuse of discretion standard. *Id*. In making this decision, we consider the record as a whole. *See*

_____

[7]He also argues that the State compounded that error at closing arguments by arguing "again, it's the defendant's responsibility to prove that the – that they didn't receive notice of that they have a reasonable excuse." However, Atchley does not cite to the record in support of his claim that the State improperly explained the burden of proof as to the excuse defense, and we cannot find any statement by the State in the closing argument to support that allegation. Therefore, we will only analyze those statements made by the State during voir dire.

*Brown v. State*, 468 S.W.3d 158, 166 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Finally, "[a] misstatement of law during voir dire requires reversal only if the misstatement harmed the appellant." *Thompson*, 95 S.W.3d at 542.

### B.     Application

At voir dire, the State told the veniremembers, "[I]t's the defendant's responsibility to prove that the -- that they didn't receive notice or that they have a reasonable excuse. Okay? So, there are limits to that defense." Atchley objected, and the trial court overruled the objection. At that point, the State informed the jury,

> Again, the State must prove that the defendant did not receive actual notice or that the defendant engaged -- intentionally, knowingly engaged in a course of conduct. Basically, that he intentionally, knowingly stuck his head in the sand. That he ignored the notice, the types of notice that he received. All right? That's our burden. Okay.

Later in the voir dire, the State said,

> Again, the burden is on the defendant to prove a reasonable excuse. All right? If he provides an excuse, it's my duty, it's my job to show -- I have to show that that excuse -- he has to prove it. If he shows it, then I have to show it's not reasonable. Okay?

Atchley did not object to this statement.

> The court's charge to the jury stated,

> Burden of proof. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant unless the jurors are satisfied beyond a reasonable doubt of the

11

defendant's guilt after careful and impartial consideration of all the evidence in this case.

The prosecution has the burden of proving the defendant guilty and must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

Element of the offense means the forbidden conduct; the required culpability; and, any required result. It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt. In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you and these instructions, you will acquit the defendant and say by your verdict, not guilty.

The charge went on to state,

It is a defense to the offense of bail jumping and failure to appear, felony, that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release. An excuse is a reason that justifies an act or omission or that relieves a person of a duty. A reasonable excuse must encompass the entire time the defendant was absent from the court, i.e.[,] from the time his name was called in the courtroom to the time he was ultimately apprehended or appeared in court.

The charge further stated,

[I]f you find from the evidence beyond a reasonable doubt that the defendant, Michael Atchley, did, after being lawfully released from custody for a pending felony charge on condition that he subsequently appear in court, intentionally and knowingly fail to appear in accordance with the terms of his release as charged in the indictment, but you further find or have a reasonable doubt thereof that, during the time the defendant failed to appear, the defendant had a reasonable excuse that justified his failure to appear, you will find the defendant not guilty and so say by your verdict.

Reviewing the voir dire comments in the context of the record as a whole, we do not believe that the statements were improper or shifted the burden of proof to the jury. The first statement was that the defendant had the "responsibility to prove that the – that [he] didn't receive notice or that [he had] a reasonable excuse." The second statement that "the burden is on the defendant to prove a reasonable excuse" was modified by the statement "if he shows it, then I have to show it's

12

not reasonable." As we noted previously, Atchley had the burden of production of a reasonable excuse, and once he met that burden, the State had the burden of persuasion to disprove the defense beyond a reasonable doubt. The jury charge made clear that whatever the State had to "show" had to be shown beyond a reasonable doubt. Although the Prosecutor should have used the word "produce" rather than the words "prove" or "show," his statements were substantially correct: once the defendant "showed" (produced) a reasonable excuse, the State had the burden of "showing" (proving) it was not reasonable beyond a reasonable doubt.

Moreover, even if the State's comments were a misstatement of law, we do not find that Atchley was harmed by them. The charge reiterated that the jury would not even consider the excuse defense unless it found the State had proved all of the elements of the offense beyond a reasonable doubt. And the charge further emphasized that "[t]he law does not require a defendant to prove his innocence or produce any evidence at all." When the charge and the comments as a whole are read together, we believe that the jury was clearly informed that the State bore the burden of disproving Atchley's excuse defense by proving its case beyond a reasonable doubt.

We overrule Atchley's third point of error.

## V.       Atchley Has Not Shown that He is Entitled to Additional Jail-Time Credits

In his final point of error, Atchley claims that the trial court erred in failing to credit him for an additional 238 days of jail time toward his sentence. Upon conviction, a defendant is entitled to—and the trial court must award—credit for days incarcerated "in jail for the case . . . from the

13

time of his arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a) (West Supp. 2016).

Atchley was indicted for failure to appear on August 20, 2015. The State introduced a printout from the Fannin County Jail's inmate tracking software showing Atchley was booked into the jail on October 1, 2015, on the failure to appear charge. The trial court sentenced Atchley on November 13, 2015. Accordingly, Atchley was entitled to forty-three days of jail-time credit towards his sentence in this case. Nevertheless, the judgment reflects an award of eighty-six days of jail-time credit calculated from August 20 to November 13, 2015.

The trial court did not make any calculations, but merely stated that the sheriff's office would determine the amount of time for which Atchley was to be credited. The indictment was filed with the district clerk on August 20, 2015. Therefore, it appears that the sheriff's office may have credited Atchley for time served as of the earlier date on which the indictment on this charge was filed rather than on the date he was subsequently arrested. We find no error in the trial court's failure to credit any additional time unrelated to the failure to appear charge at issue in this case. *See Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd) ("[T]he credit at issue relates not just to any time the defendant spent incarcerated before conviction. Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted.").

We overrule Atchley's fourth point of error.

## VI. Conclusion

For all of the foregoing reasons, we overrule Atchley's points of error. We affirm the trial court's judgment and sentence.

Ralph K. Burgess
Justice

Date Submitted:      August 29, 2016
Date Decided:       November 23, 2016

Do Not Publish