Daniel Ray BROWN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–213–CR.

Court of Appeals of Texas, Fort Worth.

July 28, 1982.

Sullivant, Meurer & Harris, Gainesville, for appellant.

Brock Smith, Dist. Atty. and Jim A. Robertson, Asst. Dist. Atty., Gainesville, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HUGHES, Justice.

A jury found appellant, Daniel Ray Brown, guilty of burglary of a habitation and, pursuant to two enhancement counts, assessed his punishment at imprisonment in the Texas Department of Corrections for a term of life.

We affirm.

Appellant states his only ground of error as follows: "The Trial Court committed error in allowing in evidence concerning the first paragraph of enhancement to be submitted to the jury as said conviction, being from a non-existent court."

The first paragraph as to enhancement reads as follows:

"And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said Daniel Ray Brown, to-wit: on the 9th day of April, 1979, in Criminal District Court # 1 of Dallas County, Texas, in cause number F78–8399–IH, on the docket of said Court, the said Daniel Ray Brown was duly and legally convicted in said last named Court of a felony, to-wit: Burglary of a building, upon an indictment then legally pending in said last named Court and which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said Daniel Ray Brown, prior to the commission of the offense hereinbefore charged against him, and as set forth in the first paragraph above;"

Appellant moved to strike the first enhancement paragraph on the grounds that there is no Criminal District Court # 1 in Dallas County; thus, any such conviction would be void.

It is virtually conceded by the State that there is no Criminal District Court # 1 in Dallas County. Rather, it is designated only as Criminal District Court of Dallas County.

Our reading of appellant's brief leads us to conclude that he is not averring that there is a variance in the allegation and the proof. In fact, the record shows a complete conformity.

An accused is entitled to a description of the judgment of a former conviction that will enable him to find the record and make preparation for a trial of the question whether he is the convict named therein. *Hollins v. State*, 571 S.W.2d 873 (Tex.Cr. App.1978).

In *Hollins* the convicting court was not designated in the enhancement paragraph. However, in the face of a motion to quash the court concluded that the appellant there was given adequate notice because Harris County was specified as the locale of the conviction and "the prior convictions were described as felonies, the exact nature of the offenses was given, the cause numbers in which the convictions were obtained and the dates of such convictions were set forth".

Dallas County is a multi-district county as is Harris County. This fact was of no consequence in *Hollins* because only district courts have jurisdiction over felonies. We hold that since the enhancement paragraph attacked here includes those elements found sufficient in *Hollins*, it was sufficient to adequately notify appellant and allow him to prepare for trial.

The trend is toward a relaxation of the former rigid rules. *Hall v. State*, 619 S.W.2d 156 (Tex.Cr.App.1980) and the cases cited therein.

The judgment of the trial court is affirmed.