Affirmed and Memorandum Opinion filed October 21, 2004









Affirmed and
Memorandum Opinion filed October 21, 2004.

 

 

 

In
The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00182-CR

____________

 

JAMES GREENWOOD WILSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 39,589

 



 

M E M O R A N D U M   O P I N I O N

Appellant James Greenwood Wilson appeals
from his conviction for driving while intoxicated.  After finding him guilty of the charged
offense, a jury found the allegations of the enhancement paragraphs to be true
and assessed punishment at fifty years’ confinement.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm.








The indictment alleged that the primary
offense occurred on February 25, 2000; that before the commission of the
primary offense, appellant was convicted of felony driving while intoxicated on
March 3, 1988; and that after the felony driving while intoxicated conviction
was final, appellant was convicted of theft on August 22, 1980.  Appellant correctly observes that he could
not have been convicted of theft on August 22, 1980, after March 3, 1988, and
the evidence showed that the theft conviction became final before the
commission of the felony driving while intoxicated.  Thus, the convictions were alleged in reverse
order, a circumstance that appellant contends caused him to believe that he was
facing only a single enhancement paragraph.

In his sole point of error, appellant
claims that the trial court erred in allowing the jury to consider a 25‑to‑life
range of punishment because of a defect in the allegations of the enhancement
paragraphs of the indictment.  Appellant
raised no objection to the enhancement paragraphs before trial.  He thus waived any error.  See Wills v. State, 867 S.W.2d
852, 857–58 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d) (defendant’s
failure to object before trial waived claim that second enhancement paragraph
was defective); Muhammad v. State, 846 S.W.2d 432, 437 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref’d) (defendant’s claim that second
enhancement paragraph should have been quashed for failure to allege that he
had been convicted of a felony was waived by his failure to object
pretrial).  Even if he had objected
before trial, his point of error would be overruled for lack of merit, because
the enhancement paragraphs provided adequate notice for him to litigate the
issue of whether he was the same person named as the convict.  

Texas Penal Code section 12.42(d) provides
for a 25‑to‑life range of punishment after conviction of a non‑state
jail felony if “the defendant has previously been finally convicted of two
felony offenses, and the second previous felony conviction is for an offense
that occurred subsequent to the first previous conviction having become
final.”  The State must give a defendant
notice in the indictment or other pleading that it will seek the enhanced range
of punishment.  Brooks v. State,
957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997). 
“The purpose of an enhancement allegation is to provide the accused with
notice of the prior conviction relied upon by the State.”  Coleman v. State, 577 S.W.2d 486, 488
(Tex. Crim. App. 1979) (citing Bevins v. State, 422 S.W.2d 180 (Tex.
Crim. App. 1967)).








Since the purpose of the enhancement
paragraphs is to provide notice, “‘[i]t is not necessary to allege prior
convictions for the purpose of enhancement with the same particularity which
must be used in charging on the primary offense.’”  Williams v. State, 980 S.W.2d 222, 226
(Tex. App.—Houston [14th Dist.] 1998, pet. ref’d) (quoting Freda v. State,
704 S.W.2d 41, 42 (Tex. Crim. App. 1986)). 
For example, the date on which the prior convictions became final need
not be alleged.  Hollins v. State,
571 S.W. 2d 873, 876 n.1 (Tex. Crim. App. 1978).  Nor is it necessary to allege the sequence of
the prior convictions.  See Jingles
v. State, 752 S.W.2d 126, 129 (Tex. App.—Houston [14th Dist.] 1987, pet.
ref’d).  Rather, the notice must enable
the accused “to find the record and make preparation for a trial of the
question whether he is the convict named therein.”  Brown v. State, 636 S.W.2d 867, 868
(Tex. App.—Fort Worth 1982, no pet.).

The enhancement paragraphs here identified
the prior convictions by cause number, court, county, and offense—more than
enough information for appellant to find the records and litigate his identity
as the convict.  Furthermore, his claim
that the reversed order of the enhancement paragraphs caused him to believe
that he was facing only a single enhancement paragraph seems disingenuous.

First, there were two paragraphs, not
merely one, and they were entitled “Enhancement Paragraphs.”  Second, both the trial judge and the
prosecutor discussed the habitual range of punishment with the potential jurors
with no objection from appellant.  Third,
the prosecutor pointed out during the punishment charge conference that the
plea negotiations were conducted in light of the habitual range of punishment,
and appellant did not contradict this observation.  Given this record, appellant’s claim that he
believed he was facing only a single enhancement paragraph is without
merit.  Accordingly, appellant’s sole
point of error is overruled.

We affirm the judgment of the trial
court.

 

/s/        Mary
Lou Keel

Judge

 

Judgment
rendered and Memorandum Opinion filed October 21, 2004.

Panel
consists of Justices Fowler, Seymore, and Keel.[1]

Do
Not Publish — Tex. R. App. P.
47.2(b).

 

 











[1] 
The Honorable Mary Lou Keel, Judge of the 232nd District Court of Harris
County, sitting by assignment pursuant to Tex.
Gov’t Code Ann. § 74.003(h) (Vernon Supp. 2004).