

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00311-CR

TOMMY DALE SLAUGHTER                                               APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1357576D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Tommy Dale Slaughter of the offense of possession of one gram or more, but less than four grams, of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.102(6); 481.115(c) (West 2010).

----

[1]*See* Tex. R. App. P. 47.4.

The trial court found the repeat-offender allegation to be true and sentenced Slaughter to twelve years' confinement. *See* Tex. Penal Code § 12.42(a) (West Supp. 2014). Slaughter perfected this appeal. He raises one issue asserting that the trial court erred in various respects by finding the repeat-offender allegation to be true and by imposing punishment that exceeded the non-enhanced punishment range.[2] Because the trial court did not err, we will affirm the trial court's judgment.

## II. BACKGROUND FACTS[3]

The repeat-offender notice in Slaughter's indictment stated:

> Repeat Offender Notice: And it is further presented to said court that prior to the commission of the offense or offenses set out above, the defendant was finally convicted of the felony offense of possession of a controlled substance 1-4 grams, in the 18th judicial district court of Johnson County, Texas, in cause number F44784, on the 21st day of December 2010.

At the punishment phase of trial, the judgment for the offense stated in the repeat-offender notice was introduced into evidence through the custodian of

---

[2]The offense of possessing one gram or more, but less than four grams, of methamphetamine is a third-degree felony that generally carries a punishment range of two to ten years' confinement. *See* Tex. Health & Safety Code § 481.115(c); Tex. Penal Code Ann. § 12.34(a) (West 2011). But, upon proof of a previous final conviction of a non-state jail felony offense, the punishment range for this offense may be enhanced to the punishment range of a second-degree felony, which is two to twenty years' confinement. *See* Tex. Penal Code Ann. §§ 12.33 (West 2011), 12.42(a).

[3]Because Slaughter's complaints on appeal relate solely to the repeat-offender notice, we need not set forth the underlying facts leading to the charge against him. *See* Tex. R. App. P. 47.1.

2

records for the Texas Department of Criminal Justice, Parole Division. The certified paperwork related to Slaughter's conviction in cause number F44784 showed that on December 21, 2010, his community supervision was revoked and he was sentenced to ten years' confinement, subject to boot camp. Subsequently, on January 20, 2012, Slaughter's conviction in cause number F44784 became final when the trial court revoked his community supervision and sentenced him to six years' confinement in prison. Slaughter stated that he had no objection to the admission of these records and stipulated that the records were in fact "the Defendant's records relating to the Defendant."

## III. THE CONTENTIONS ON APPEAL

Slaughter argues that the evidence is insufficient to support the finding that the repeat-offender allegation is true, that a fatal variance exists between the repeat-offender notice set forth in the indictment and the evidence offered at trial, and that the State pleaded and proved a non-final conviction for enhancement purposes. According to Slaughter,

> [t]he State failed to prove Slaughter was convicted of the offense alleged in the repeat offender notice. The State pleaded in the repeat offender notice that Slaughter was convicted on December 21, 2010 but proved that he was convicted of this offense on September 10, 2010 and sent to TDCJ first on December 21, 2010 and again on January 20, 2012. Because Slaughter was only placed on probation on September 10, 2010 and committed to the Boot Camp program on December 21, 2010, his conviction did not become final for enhancement purposes until he was revoked on January 20, 2012. This variance is fatal to the enhancement.

3

Although the State attempted to amend the repeat-offender notice by changing the date on which Slaughter was finally convicted from December 21, 2010, to January 20, 2012, the trial court ultimately denied the State's motion. The State argues on appeal that, "[r]egardless [of] the actual date that the appellant's prior conviction became final (December 21, 2010 or January 20, 2012), the evidence shows that the appellant had a prior third-degree felony conviction when he committed this offense on January 29, 2014."  Thus, the State asserts that the evidence is sufficient to support the trial court's finding that the repeat-offender notice was true and also that any variance between the repeat-offender notice set forth in the indictment and the evidence presented at trial was not material or fatal, including the date the prior conviction became final.

### IV.  THE LAW CONCERNING ENHANCEMENTS

Concerning enhancement provisions, "[e]videntiary sufficiency is separate from allegations and notice."  *Roberson v. State*, 420 S.W.3d 832, 840 (Tex. Crim. App. 2013).  In a challenge to the sufficiency of the evidence to support a finding of true to enhancement allegations, we apply the established legal sufficiency standard of review; we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010).  To establish that a defendant has been convicted of a prior offense, the State must prove beyond a

4

reasonable doubt that (1) a conviction exists and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* Although evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different, unorthodox ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted. *Id.* at 921–22. The factfinder looks at the totality of the evidence to determine whether the State proved the prior conviction beyond a reasonable doubt. *Orsag v. State*, 312 S.W.3d 105, 116 (Tex. App.—Houston [14th Dist.] 2010, pet. ref d).

When the State alleges an enhancement provision in the indictment and a discrepancy exists between the indictment's allegation and the proof at trial, a variance exists, and the evidentiary sufficiency of the proof of the enhancement allegation is measured by the hypothetically correct jury charge. *Gollihar v. State*, 46 S.W.3d 243, 252–53 (Tex. Crim. App. 2001); *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not

5

unnecessarily increase the state's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011); *Young*, 14 S.W.3d at 750; *Malik*, 953 S.W.2d at 240.

Allegations of prior convictions for the purpose of punishment enhancement give pretrial notice to a defendant that the State intends to seek greater punishment and allow a defendant to prepare a defense. *See, e.g.*, *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Because the purpose of enhancement paragraphs is to provide notice, "'it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense.'" *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (quoting *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986)). For example, the date on which a prior conviction became final need not be alleged. *Hollins v. State*, 571 S.W.2d 873, 876 n.1 (Tex. Crim. App. 1978). Nor is it necessary to allege the sequence of the prior convictions. *See Jingles v. State*, 752 S.W.2d 126, 129 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). Rather, the notice must enable the accused "to find the record and make preparation for a trial of the question whether he is the convict named therein." *Brown v. State*, 636 S.W.2d 867, 868 (Tex. App.—Fort Worth 1982, no pet.).

6

Consequently, a variance between the wording of an indictment and the evidence presented at trial is fatal only if it is material and prejudices the defendant's substantial rights. *Gollihar*, 46 S.W.3d at 257. When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial. *Id.*; *Derichsweiler v. State*, 359 S.W.3d 342, 350 (Tex. App.—Fort Worth 2012), *rev'd on other grounds*, 348 S.W.3d 906 (Tex. Crim. App. 2011).

## V. APPLICATION OF THE LAW TO THE FACTS

We address together Slaughter's three-pronged attack (insufficient evidence, fatal variance, and pleading and proving a non-final conviction) on the trial court's finding of true to the repeat-offender notice. Concerning the sufficiency of the evidence in light of the date variance between the indictment and the evidence, under a hypothetically correct jury charge, the State must prove that a prior non-state jail felony conviction exists and that the defendant is linked to that conviction. *See* Tex. Penal Code Ann. § 12.42(a); *Flowers*, 220 S.W.3d at 921. Slaughter's prior conviction was a third-degree felony, and he stipulated that it was his prior conviction, satisfying the requisite link. *See Flowers*, 220 S.W.3d at 921. The admitted prior judgment in cause number F44784 contained sufficient information to establish both the existence of the prior conviction and that Slaughter was the person convicted. *See id.* at 921–22; *see also Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011,

7

pet. ref'd) ("The variance in the date . . . is not material and, therefore, need not be included in the hypothetically correct jury charge. Under the hypothetically correct jury charge, the evidence is sufficient to support the jury's conclusion that the enhancement was true.").

Slaughter nonetheless claims that because the State pleaded the incorrect date, it failed to *prove* that the prior conviction was final. But a copy of the final judgment in cause number F44784, reflecting the finality of the conviction, was admitted during punishment. Regardless of the date alleged in the repeat-offender notice, the proof proffered to the trial court, viewed in the light most favorable to the trial court's ruling, supports its finding that Slaughter had a prior final conviction of a felony other than a state jail felony. *See* Tex. Penal Code Ann. 12.42(a); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 894–95.

And finally, there is no evidence Slaughter was surprised because of the incorrect date in the indictment allegation. In fact, three days before punishment, the State attempted to amend the indictment to reflect the correct date. During punishment argument, defense counsel directed the trial court's attention to the incorrect date and stated what the correct date for the prior conviction was. The enhancement allegation provided the correct cause number, trial court number, and county of the prior conviction. The incorrect date would not have prevented Slaughter from finding the record and presenting a defense. *Simmons v. State*, 288 S.W.3d 72, 80 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) ("A variance

8

in dates of conviction is not fatal when there is no surprise or prejudice to the defendant."); *Mims v. State*, No. 06-09-00160-CR, 2010 WL 780176, at \*4 (Tex. App.—Texarkana Mar. 9, 2010, no pet.) (mem. op., not designated for publication) ("The only variance was in the date of conviction. . . . The variance did not result in Mims' inability to know what the charges against him were so that he was unable to prepare a defense."); *Benton v. State*, 770 S.W.2d 946, 947–48 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd) ("[T]he discrepancy between the date in the allegation and the date in the State's proof is not fatal."); *Davis v. State*, 684 S.W.2d 201, 210 (Tex. App.—Houston [1st Dist.] 1984, pet. ref'd) ("The indictment's incorrect allegation of the date of final conviction for the prior offense would not have prevented the appellant from finding the record of it and presenting a defense."). Because the date variance here is not material and did not prejudice Slaughter's substantial rights, it is not fatal. *See Gollihar*, 46 S.W.3d at 257.

We overrule Slaughter's issue.

## VI. CONCLUSION

Having overruled Slaughter's issue on appeal, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

9

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 25, 2015