

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00136-CR

FRANCISCO GUTIERREZ CRUZ, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45,565-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

At the Gregg County jury trial of Francisco Gutierrez Cruz, Jr., on two counts of sexual assault of a child younger than seventeen, the evidence included a video-recorded interview during which Cruz admitted to having penile-vaginal intercourse with fourteen-year-old Nancy[1] six times, as well as DNA evidence that Cruz was the father of Nancy's newborn child, Jerry. The jury charge regarding punishment enhancement initially included an incorrect date of Cruz' prior conviction for burglary. Cruz appeals his convictions on both counts and his resulting two, consecutive, forty-year sentences and two $10,000.00 fines.

On appeal, Cruz argues that the evidence supporting his convictions is legally insufficient for lack of proof of the type of "sex" involved with Nancy; that legally insufficient evidence supported the enhancement allegation; that, therefore, the trial court erred when it included an enhancement instruction in the jury charge; that the trial court erred in allowing amendment of the date on the enhancement allegation; and that the trial court erred in amending the jury charge.

We affirm the trial court's judgment because (1) the verdict is supported by legally sufficient evidence, (2) legally sufficient evidence supported the enhancement allegation, (3) we need not address jury-charge error, (4) no error was preserved regarding the amendment of the enhancement allegation, and (5) there was no error in amending the jury charge.

---

[1]In order to protect their privacy, the victim, her son, and her father will be referred to by the pseudonyms Nancy, Jerry, and Wendell, respectively. *See* TEX. R. APP. P. 9.8(b)(2), 9.10(a)(3).

*(1)      The Verdict Is Supported by Legally Sufficient Evidence*

Cruz contends that the evidence supporting the jury's verdict is legally insufficient. Based on our review of the evidence in this record, we disagree.

Nancy testified that, in September 2015 when she was fourteen years of age, she decided to run away from her parents' home. So she contacted Cruz, a man who had dated her mother in the past, and had him come get her. She stayed with the thirty-one-year-old Cruz in his Longview apartment from September 2015 through December 2015. Nancy said she wanted to be there and was a voluntary participant in the ensuing sexual activity with Cruz. During her time living there, she had "vaginal sex" with Cruz a few times, but she did not keep count as to the specific number of times it happened.[2] In December 2015, she learned that she was pregnant. While she testified that Cruz was the father of this child, she did not list him as the father on the birth certificate. She named the child Jerry.

On January 14, 2016, Detectives Terry Davis and Debra Stiles of the Longview Police Department interviewed Cruz at his apartment. Stiles recorded the interview using a body camera on her person, and the recorded footage from the interview was admitted and played for the jury. On the recording, Cruz can be seen and heard admitting that he had sex with Nancy six times. Cruz was arrested later on those charges.

At the time of the police interview, Cruz voluntarily provided a DNA sample in the form of a buccal swab. Stiles later obtained buccal swabs from Nancy and Jerry. Michelle Vrana, the

---

[2]She defined sex as "intercourse" and testified that she and Cruz had only "vaginal sex." She stated, "There was no oral sex or anything like that."

3

DNA Section Supervisor at the North Louisiana Criminalistics Laboratory in Shreveport, Louisiana, testified that, based on her DNA analysis of the three buccal swabs, Cruz was 217 billion times more likely to be the father of Nancy's baby, Jerry, than any other man selected at random. Based on her findings, she concluded, beyond a reasonable doubt, that Cruz is Jerry's father.

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

4

The indictment charged Cruz with two counts of committing sexual assault of a child by intentionally and knowingly penetrating the sexual organ of Nancy, a child younger than seventeen years of age, with his sexual organ. Under the statute, to obtain a conviction, the State must prove beyond a reasonable doubt that Cruz intentionally or knowingly caused the penetration of the anus or sexual organ of Nancy by any means. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West Supp. 2017). Cruz challenges the sufficiency of only the evidence that his sexual organ penetrated the child's sexual organ.[3]

Here, Cruz admitted to having engaged in sex with Nancy about six times. Nancy testified that she and Cruz had penile-vaginal sex a few times. Nancy testified that Cruz is the father of her child, and that is supported by the DNA evidence. Viewing that evidence in the light most favorable to the verdict, we find the evidence is sufficient to support the jury's findings that, on at least two occasions, Cruz penetrated Nancy's sexual organ with his sexual organ. Therefore, we overrule this point of error.

*(2)* *Legally Sufficient Evidence Supported the Enhancement Allegation*

Cruz also contends that, at punishment, because of the date error in the allegation of his prior conviction, the evidence supporting the finding of true as to the enhancement allegation was legally insufficient because the State failed to prove the erroneous date.

The offense alleged in this case, sexual assault of a child under seventeen years of age, is a second degree felony, with a punishment range of two to twenty years in prison. TEX. PENAL

---

[3]Because Cruz does not challenge the sufficiency of the evidence proving the remaining elements, we do not address them.

5

CODE ANN. § 12.33(a) (West 2011), § 22.011(f) (West Supp. 2017).  However, if the defendant has been previously convicted of a felony, the punishment range may be enhanced to that of a first degree felony, that is, five to ninety-nine years, or life in prison.  TEX. PENAL CODE ANN. § 12.32(a) (West 2011), § 12.42(b) (West Supp. 2017).

The sufficiency of the evidence underlying a finding of true to an enhancement allegation is measured against the hypothetically correct punishment charge.  *See Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000).  A hypothetically correct jury charge need not incorporate allegations that give rise to immaterial variances between the indictment and the evidence.  *See Gollihar v. State*, 46 S.W.3d 243, 256 (Tex. Crim. App. 2001).  In this case, the hypothetically correct jury charge required the State to prove beyond a reasonable doubt that Cruz was finally convicted of the felony alleged by the State, namely, burglary of a habitation, before the commission of the underlying offense.[4]  *See* TEX. PENAL CODE ANN. § 12.42(b); *see Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) ("The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted.").

The State's notice of enhancement alleged that Cruz was previously and finally convicted of burglary of a habitation "on the 26th day of February, 2004, in cause number 30589-B in the 124th District Court of Gregg County, Texas," but the evidence admitted during the punishment

---

[4]Cruz does not argue that the State failed to provide proper notice of its intention to enhance the punishment range through proof of the prior felony.

phase shows that Cruz was finally convicted June 9, 2004. Cruz contends that this discrepancy renders the evidence of the prior conviction legally insufficient. We disagree.

Because the purpose of the enhancement paragraph is to provide notice, "it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (quoting *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986)). The defendant is entitled to a description of the judgment of former conviction that will enable him or her to find the record and prepare for a trial on the question of whether he or she is the named convict or that there was no final conviction. *See Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006); *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978). For instance, the date on which the prior convictions became final need not be alleged. *Hollins*, 571 S.W.2d at 876 n.1. Nor is it necessary to allege the sequence of the prior convictions. *See Jingles v. State*, 752 S.W.2d 126, 129 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd). Even if prior convictions are set out in the wrong order, the dates and sequence are immaterial terms in light of the hypothetically correct jury charge. *See Derichsweiler v. State*, 359 S.W.3d 342, 350 (Tex. App.—Fort Worth 2012, pet. ref'd) (indictment alleging that 1998 conviction occurred after 2003 conviction, but hypothetically correct punishment charge would have alleged correct order).

Here, the enhancement allegation cited the county, court, cause number, nature of the case, and year of the prior conviction, which was more than sufficient to enable Cruz to find the record and prepare for trial regarding whether he was the person named in the enhancement conviction. *See Brown v. State*, 636 S.W.2d 867, 868 (Tex. App.—Fort Worth 1982, no pet.); *Gollihar*, 46

7

S.W.3d at 248. Cruz challenges only the specific month and day alleged in the enhancement. It is undisputed that the evidence showed Cruz' final conviction in 2004, more than a decade before the commission of the offenses in this case. To the extent that the month and day alleged in the notice vary from those shown in the evidence, the variance was immaterial in this case, because the State was not required to allege the date in the first place. *See Hollins*, 571 S.W.2d at 876 n.1; *Derichsweiler*, 359 S.W.3d at 350.

Comparing the evidence to the hypothetically correct jury charge and viewing the evidence in the light most favorable to the verdict, a rational jury could have concluded beyond a reasonable doubt that Cruz had been previously finally convicted of the felony offense of burglary of a habitation. Thus, the evidence was legally sufficient to support the enhancement of Cruz' punishment range under Section 12.42(b). *See* TEX. PENAL CODE ANN. § 12.42(b).

*(3)     We Need Not Address Jury-Charge Error*

Based on his previous claim that the evidence supporting the enhancement was legally insufficient, Cruz contends the trial court erred in instructing the jury regarding an enhanced punishment range. But, because the enhancement was supported by legally sufficient evidence, we need not address this contention.

*(4)     No Error Was Preserved Regarding the Amendment of the Enhancement Allegation*

Cruz also contends that the trial court erred in permitting the State to amend its enhancement allegation near the conclusion of the punishment phase.

Here, Cruz affirmatively stated that he had no objections to the trial court's proposed jury instructions on punishment, but after the trial court gave the punishment instructions, which

8

included a recitation of the State's enhancement allegation, Cruz objected at the bench and, after the jury's removal, moved to quash the enhancement and to proceed with a punishment range of a second degree felony, because the enhancement alleged an incorrect final conviction date of February 26, 2004. The trial court overruled Cruz' motion. In response, the State moved to amend the enhancement allegation to include the correct date of Cruz' prior conviction, June 9, 2004. Cruz responded by stating, "[T]he Court has already ruled on our motion [to quash], has overruled our motion . . . I'll stand on that." The trial court granted the State's motion to amend.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). The trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2). Further, a "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

Here, Cruz contends that the trial court erred in permitting the State to amend its enhancement allegation after having charged the jury on punishment. However, rather than opposing the State's attempt to change the enhancement allegation, Cruz stood on his challenge to the original allegation. Therefore, Cruz failed to object or otherwise oppose the State's motion to amend, and the argument brought on appeal fails to comport with the argument he raised at trial. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson*, 71 S.W.3d at 349.

We overrule this contention.

*(5)     There Was No Error in Amending the Jury Charge*

Finally, Cruz argues that the trial court erred in amending the charge on punishment.

In reviewing any alleged jury-charge error, we employ a two-step process. *See Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

Here, after granting the State's motion to amend, the trial court informed the parties that it was "going to change its jury charge" and it would simply re-read page four of the jury charge "to reflect that correct date." There were no objections. When the jury returned, the court said it was going to "correct one thing that was in the Court's Jury Instructions as to the accusation of the prior felony conviction." The trial court then charged the jury regarding the amended enhancement allegation. After the amended charge was read, closing arguments began.

10

Cruz contends that Article 36.16 precluded the trial court from amending the charge. However, Article 36.16, gives the trial court discretion to give further charges up to the time argument begins. TEX. CODE CRIM. PROC. ANN. art. 36.16 (West 2007). Article 36.16 provides that, after jury arguments begin, no further charge shall be given to the jury "unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony." *Id.*

Here, the trial court had the discretion to amend the jury charge when it did, because arguments had not yet begun.[5] *See id.* Since there was no error, we need not perform a harm analysis. Accordingly, we overrule this point of error.

---

[5]In support of his argument, Cruz cites *Murray v. State*, where the court of appeals held that the trial court erred in amending the jury charge because the amendment effectively repudiated defense counsel's closing argument and allowed the jury to convict the defendant on a theory not available for comment. *Murray v. State*, 857 S.W.2d 806, 811–12 (Tex. App.—Forth Worth 1993, pet. ref'd). However, the facts of *Murray* are distinguishable from those of the present case because the trial court in *Murray* amended the jury charge after the conclusion of closing arguments whereas here, the parties were given an opportunity to object to the trial court's amendment, and closing arguments had not yet begun. *See id.* at 807–08.

11

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 14, 2018
Date Decided:      March 1, 2018

Do Not Publish