

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00161-CR

DERRICK GLYNN FIELDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 53,600-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Gregg County jury found Derrick Glynn Fields guilty of possession of methamphetamine in an amount of one gram or more but less than four grams. After the jury found the State's punishment enhancement true, it assessed a sentence of eighteen years' imprisonment. On appeal, Fields argues (1) that the trial court erred by allowing the State to elicit testimony that violated Fields's rights to remain silent and free from self-incrimination, (2) that there was a material variance between the State's punishment enhancement allegation and the proof of the prior conviction introduced at trial, and (3) that, due to the variance at punishment, the sentence imposed exceeded the maximum sentence allowed.[1]

We find that Fields failed to preserve his first point of error. We also find that, because there was no material variance at punishment, Fields's sentence was within the appropriate punishment range. As a result, we affirm the trial court's judgment.

## I. Fields Failed to Preserve His First Point of Error

In his first point of error, Fields argues that the redirect testimony of Taylor Bogue, an investigator with the Longview Police Department, violated his rights to remain silent and be free from self-incrimination. Because Fields failed to raise those complaints below, we find them unpreserved.

Bogue testified that Fields made unsolicited outbursts at previous court hearings admitting that he possessed methamphetamine, but that the amount of methamphetamine he possessed was more than what the State had alleged. Fields's only objections to Bogue's

---

[1]In our companion cause number 06-22-00162-CR, Fields also appeals his conviction for felon in possession of a firearm.

testimony was that it "exceed[ed] the scope of cross" and constituted hearsay. The trial court overruled Fields's objections, and Fields does not complain of those rulings on appeal. Instead, he raises new arguments related to Fields's rights to remain silent and be free from self-incrimination.

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). As stated in *Resendez v. State*, 306 S.W.3d 308 (Tex. Crim. App. 2009),

> Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that a complaint is not preserved for appeal unless it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context."

*Id.* at 312 (quoting TEX. R. APP. P. 33.1(a)(1)(A)).

"The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; [and] (2) to give opposing counsel the opportunity to respond to the complaint." *Id.* As explained in *Resendez*,

> Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it."

*Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

3

We find that none of Fields's objections to Bogue's testimony notified the trial court of his appellate complaints. As a result, we conclude that Fields's appellate argument does not comport with his argument at trial. Consequently, we overrule Fields's first point of error because it was not preserved.

## II.     There Was No Material Variance at Punishment

In his second point of error, Fields argues that there was a material variance between the State's alleged punishment enhancement and the conviction it used to prove that enhancement at trial. Specifically, Fields argues that the difference in the dates between the State's punishment allegation and conviction constitutes a variance that is material. Fields argues in his last point of error that, because of the material variance, the enhanced sentencing range did not apply. In other words, Fields argues that his sentence exceeded the applicable range of punishment. We disagree with Fields on all accounts.

The State's punishment enhancement allegation asserted that, "on the 2nd day of April, 2014, in Cause Number 41375-B in the 124th District Court of Gregg County, Texas, Defendant was finally convicted of the felony offense of Unlawful Possession of a Firearm by a Felon." At punishment, the State introduced a prior conviction in cause number 41375-B from the 124th Judicial District Court of Gregg County, Texas, for unlawful possession of a firearm by a felon. However, the prior judgment showed that the date of conviction was March 27, 2014, instead of the indictment's alleged date of April 2, 2014. Fields argues that the difference in the date was a material variance, but we find that there was nothing material about the variance.

4

"It is well settled that it is not necessary to allege prior convictions for the purpose of enhancement with the same particularity which must be used in charging on the primary offense." *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *see Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd)). Variances that do not "mislead the defendant to his prejudice" are immaterial. *Freda*, 704 S.W.2d at 42–43; *see Williams*, 365 S.W.3d at 516; *Williams v. State*, 980 S.W.2d 222, 226 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). "Thus, absent proof of prejudicial surprise, a variance between the allegations in an indictment and the proof presented at trial is not material and does not require reversal."[2] *Williams*, 980 S.W.2d at 226 (citing *Freda*, 704 S.W.2d at 42–43).

"The accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein . . . or that there was no final former conviction." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)). As a result, "it is not necessary to allege the date[] of the commission of the prior offense[] (resulting in conviction[]) which [is] used for enhancement of punishment." *Hollins v. State*, 571 S.W.2d 873, 876 n.1 (Tex. Crim. App. 1978).

In *Cruz v. State*, No. 06-17-00136-CR, 2018 WL 1100858, at *3 (Tex. App.—Texarkana Mar. 1, 2018, no pet.) (mem. op., not designated for publication), we rejected the same argument made by Fields. There, Cruz argued, as Fields does here, that there was a material variance between the State's enhancement allegation and the proof at trial because the date of the prior

---

[2]During pre-trial hearings, Fields's counsel acknowledged that the State had provided him with a certified copy of the judgment for the previous conviction.

conviction was different than the date listed in the State's allegation. *Id.* As in *Cruz*, the enhancement allegation here "cited the county, court, cause number, nature of the case, and year of the prior conviction, which was more than sufficient to enable Cruz to find the record and prepare for trial regarding whether he was the person named in the enhancement conviction." *Id.* (citing *Brown v. State*, 636 S.W.2d 867, 868 (Tex. App.—Fort Worth 1982, no pet.)). As a result, we find that the variance between the dates in the State's enhancement allegation and judgment of conviction of the prior offense "was immaterial . . . because the State was not required to allege the date in the first place." *Id.* (citing *Hollins*, 571 S.W.2d at 876 n.1).

We find that there was no material variance between the State's punishment enhancement allegation and the proof of the prior conviction at trial.[3] We also conclude that our ruling is dispositive of Fields's last point, wherein he argues that, due to the alleged material variance, the sentence imposed exceeded the maximum sentence allowed. As a result, we overrule Fields's last two points of error.

---

[3]Fields does not argue that the evidence was insufficient to prove that he was the person previously convicted of unlawful possession of a firearm. Bogue testified that the previous judgment contained Fields's full name, thumbprint, and unique state identification number.

## III.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:      August 3, 2023
Date Decided:        August 17, 2023

Do Not Publish